88 So.2d 716 (1956)
William D. SOUDER et ux.
v.
PENDLETON DETECTIVES, Inc., et al.
No. 4227.
Court of Appeal of Louisiana, First Circuit.
June 29, 1956.
*717 H. Alva Brumfield, Baton Rouge, Wm. T. Bennett, Clinton, for appellant.
Hammett & Bertel, New Orleans, Richard H. Kilbourne, Clinton, for appellees.
LOTTINGER, Judge.
This is a suit for damages allegedly resulting from an invasion of the right of privacy of the petitioners, William D. Souder and his wife, Mrs. Mildred Sessions Souder. The defendants are the Pendleton Detectives, Inc., and their alleged principal, Hartford Accident & Indemnity Co. The defendants each filed an exception of vagueness as well as an exception of no right or cause of action. Although the Lower Court did not consider the exception of vagueness, the exception of no right or cause of action was maintained, and petitioners' action was dismissed. Petitioners have appealed.
The petition alleges that on or about July 12, 1954, petitioner, William D. Souder was injured while working for W. C. Boatner the sole owner and operator of Boatner Motor Company at Clinton, Louisiana. At the time of the accident, the defendant, Hartford Accident and Indemnity Insurance Company was the workmen's compensation insurer of Mr. Boatner. The petitioner further alleges that the insurance company consistently denied the compensation claims of petitioner, and that it engaged the services of the Pendleton Detectives Inc., "to shadow, trail, investigate, observe and secure information pertaining to the activities of petitioner as well as to harass and invade his personal safety, comfort and privacy, and generally to cause petitioner worry and anxiety." Article 12 of the petition provides as follows:
"That these two detectives continued to observe, watch, trail, shadow, eavesdrop, and peek at petitioners during May and June, 1955; that these two detectives, acting within the scope of their authority and employment in *718 all of their activities constantly shadowed, watched and eavesdropped on petitioners, using binoculars on some occasions; that they took pictures of them without their permission or authority; that they trespassed upon petitioners' property without their consent or permission; that they watched them in their home by peeking through their windows and otherwise harassing and otherwise invading the privacy of petitioners."
Article 13 of the petition alleges that "* * * the detectives made known to the public, the community and to petitioner's neighbors that they were shadowing, following and investigating the activities of petitioners * * *."
Throughout the petition is the allegation that the actions of the insurance company, through the said detective agency, were calculated to harass and invade the personal safety, comfort and privacy of the petitioner.
The Lower Court sustained the exception of no right or cause of action, without passing on the merits of the exception of vagueness. The petitioners have appealed.
It is fundamental law that the allegations of the petition must be accepted as true in passing on the exceptions filed by the defendant. Therefore, in determining whether the exception of no right or cause of action was correctly maintained below, we must accept all allegations of fact contained in the petitioners' petition.
The right of privacy has been defined as "the right to be let alone" and as "the right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity." We feel that a complete resume of this important right has been set forth in a recent opinion of this Court in Hamilton v. Lumbermen's Mutual Casualty Co., La.App., 82 So.2d 61. On the other hand, however, we must consider the right of our insurance companies to investigate any and all possible claims which might be filed against them. In the instant case, there was a possible suit for workmen's compensation benefits against the insurance company and its assured. We, therefore, feel that the insurance company and its agents, the detective agency, had a right to make such investigation as it deemed necessary, provided that such investigation was conducted within legal bounds.
Now the petition alleges that the investigation was conducted in such a manner as to harass, invade, and embarrass the petitioner. It further alleges that the detectives trespassed upon the property of petitioners, and peeked into their windows. Now, accepting as true, that the detectives trespassed upon the property of petitioners and peeked into their windows, it appears that the detectives might have been guilty of a crime under our "Peeping Tom" statute. LSA-R.S. 14:284 defines a "Peeping Tom" as "* * * one who peeps through windows or doors, or other like places, situated on or about the premises of another for the purpose of spying upon or invading the privacy of persons spied upon without the consent of the persons spied upon. It is not a necessary element of this offense that the `Peeping Tom' be upon the premises of the person being spied upon." The penalty provided is a fine of not more than five hundred dollars, or imprisonment for not more than six months, or both.
Now, according to the allegations of the petition, there was certainly raised such facts as would indicate a possibility of criminal prosecution. It certainly would follow that, if a possible crime was committed, a suit in civil damages would be present, provided that damages could be proved. We, therefore, feel that the petition did allege a cause of action, i. e. an invasion of the petitioners' right of privacy. Whether or not petitioners can prove such invasion, and damages resulting therefrom, is another matter. We, therefore, feel that the Lower Court was incorrect *719 in maintaining the exception of no right or cause of action, and its judgment in this respect will be overruled.
As stated above, the Lower Court did not determine the merits of the exception of vagueness. Same should now be disposed of first by the Lower Court.
For the above and foregoing reasons the judgment of the Lower Court will be reversed and the exceptions of no right or cause of action filed by defendants will be dismissed. The case is remanded to the Lower Court to be disposed of according to law and the defendants to pay the cost of this appeal.
Judgment reversed and case remanded.