Abram GONZALES and Modesta
Gonzales, Appellants,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellee.

No. 1155.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 31, 1977.

Rehearing Denied Sept. 15, 1977.

Anthony F. Constant, Corpus Christi, for appellants.

H. K. Howard, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is an invasion of privacy action. Trial was to a jury which answered special issues in favor of the plaintiffs. The trial court, however, granted the defendant's motion for judgment non obstante veredicto and entered a take nothing judgment favoring the defendant telephone company. The plaintiffs have perfected their appeal to this Court.

The controversy arose initially when the plaintiffs refused to put up an additional $50.00 deposit for the two phones they had in their residence. After several attempts by the telephone company to obtain the deposit, the company informed the plaintiffs that their telephone service was being disconnected. A Mike Johnson, an employee of the telephone company, went to the plaintiffs' home to remove the telephones. Since no one was present at the plaintiffs' home, Johnson opened the screen door, a solid wooden door and proceeded into the hallway where he removed the first telephone. He then went to plaintiffs' bedroom where he cut the telephone cord and removed the second telephone. Mrs. Gonzales testified that the screen door to her home had been locked but was broken and that mud was tracked into the house when she returned home. Johnson, the telephone company employee's testimony was different from that of Mrs. Gonzales. He testified that he thought he had permission to enter the house. He stated that he did not look for or ring a door bell because it was his experience that door bells were generally not in working order. He said that the doors were unlocked, that he announced,

while inside the house, who he was and for what purpose he was there. He said no one answered. He stated that he did not remove any other objects except the telephones, nor did he view any personal matters belonging to the plaintiffs. Johnson testified that after disconnecting the phones, he left, locking the front door behind him. He testified that he was in the house approximately three minutes.

The first person to discover that the telephone company had in fact entered into the Gonzales' home was their daughter, Socorro. She testified that when she came home from school she noticed that the screen door was broken and mud was tracked on the carpet inside the house. Mrs. Gonzales called the police department who suggested she contact the telephone company. Mrs. Gonzales contacted the company but was informed that she could not get any information before the following Tuesday. On that day Mrs. Gonzales contacted a Mr. Hogan who was a supervisor for the telephone company. Hogan set up an appointment to meet Mrs. Gonzales at her home and to discuss the problem. Hogan testified at the trial that it was the policy of Southwestern Bell to make no entry into a house without authority. According to Mr. Hogan Mrs. Gonzales asked him by what authority her house had been entered. Hogan replied that he would check it out, get information, and come by Mrs. Gonzales' home to look at the damage to the screen door and carpet. Hogan testified that when he went to the Gonzales' house, he observed that the screen door was not locked. He traced the service order calling for the removal of the telephone equipment to their employee Johnson.

The case was submitted on the basis of an invasion of privacy and for damages for mental anguish to Mr. and Mrs. Gonzales. In response to the special issues submitted, the jury found:

1) that Johnson, the telephone company's employee, entered the plaintiffs' home without consent, either expressed or implied;

2) that Johnson's entry into the plaintiffs' home was done with the intent to deprive the plaintiffs of the private use of their home;

3) that the telephone company should have foreseen that the entry into the plaintiffs' home would result in injuries to the plaintiffs;

4) that the telephone company's employee's entry into the plaintiffs' home was a proximate cause of the mental anguish suffered by Mr. and Mrs. Gonzales, the plaintiffs;

5) that the telephone company's employee's entry into the plaintiffs' home was not at a reasonable hour; and

6) that Mr. and Mrs. Gonzales each suffered $1800.00 in damages for mental anguish.

After the jury had returned its findings and in response to the telephone company's motion for judgment n. o. v. the trial court entered a take nothing judgment against the plaintiffs.

The plaintiffs' points of error on appeal are that the trial court erred in granting judgment n. o. v. because a wrongful intentional invasion into plaintiffs' home does constitute the tort of invasion of privacy and that there was sufficient evidence to support each of the special issues submitted by the jury.

The appellee telephone company contends in effect that there is no cause of action in Texas for invasion of privacy resulting from an entry into a person's home, especially when the person is not present. Additionally, the company attacks each of the special issues, including the damage issues, with no evidence and insufficient evidence points, and in addition they attack the damage issues as being against the greater weight and preponderance of the evidence and excessive.

Prosser has divided invasion of privacy into a complex of four torts tied together by a common name. See W. Prosser, Handbook of the Law of Torts § 117 (4th ed. 1971); Prosser, Privacy, 48 Calif.L.Rev. 383 (1960). These four torts are: 1) Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; 2) Public disclosure of embarrassing private facts about the plaintiff; 3) Publicity which places the plaintiff in a false light in the public eye; and 4) Appropriation, for the defendant's advantage, of the plaintiff's name or likeness. See *Ind. Foundation, etc. v. Texas Ind. Acc. Bd.,* 540 S.W.2d 668 (Tex.Sup. 1976).

The only form of the four torts of invasion of privacy that is involved in this appeal is that of intrusion upon the property of the plaintiffs. This cause of action is an intentional tort analogous to trespass and battery in the protection of personal integrity. See *McCormick v. Haley,* 37 Ohio App.2d 73, 307 N.E.2d 34 (1973), quoting *LeCrone v. Ohio Bell Telephone Co.,* 120 Ohio App. 129, 201 N.E.2d 533 (1963). It includes not only physical invasion of a person's property, but also eavesdropping upon private conversations by wiretapping, microphones or spying into windows of a home. See *Walker v. Whittle,* 83 Ga.App. 445, 64 S.E.2d 87 (1951); *McDaniel v. Atlanta Coca-Cola Bottling Co.,* 60 Ga.App. 92, 2 S.E.2d 810 (1939); *Pritchett v. Board of Commissioners,* 42 Ind.App. 3, 85 N.E. 32 (1908); *Souder v. Pendleton Detectives,* 88 So.2d 716 (La.App.1956); *Welsh v. Pritchard,* 125 Mont. 517, 241 P.2d 816 (1952); *Moore v. New York Elevated R. R.,* 130 N.Y. 523, 29 N.E. 997 (1892); *Sutherland v. Kroger Co.,* 144 W.Va. 673, 110 S.E.2d 716 (1959); *Roach v. Harper,* 143 W.Va. 869, 105 S.E.2d 564 (1958). The Restatement of Torts § 867 also recognizes a cause of action based on the right of privacy.

In Texas, the supreme court in the case of *Billings v. Atkinson,* 489 S.W.2d 858 (Tex.Sup.1973) recognized for the first time the invasion of privacy as an actionable legal claim. The court summarized and said that: ". . . we follow the rule that an unwarranted invasion of the right of privacy constitutes a legal injury for which a remedy will be granted." The court also noted that proof of actual damages is not necessary to a recovery. "Damages for mental suffering are recoverable without the necessity of showing actual

physical injury in a case of willful invasion of the right of privacy because the injury is essentially mental and subjective, not actual harm done 'to the plaintiffs' body.' " (citing authorities).

The submission of the subject case to the jury follows essentially the same type of submission as in the *Billings* case, supra. The appellee does not, by counterpoints or cross-points of error, complain of any of the special issues or the way in which the case was submitted to the jury.

■ The jury chose not to believe the telephone company's employee, Johnson. Johnson invaded the plaintiffs' home without their permission. There is no question that the telephone company's employee saw whatever there was to see in the plaintiffs' bedroom and the other areas of their home. Whatever there was to see was the private property of the plaintiffs. This invasion of privacy by the telephone company's employee into plaintiffs' home was ". . . a willful tort which constitutes a legal injury." *Billings v. Atkinson*, supra, at pg. 861. We hold that the trial court erred in entering a judgment non obstante veredicto.

The appellants' points of error and the appellee's cross-points of error concern no evidence, insufficient evidence and greater weight and preponderance of the evidence points of error. In considering these points we are guided in our determination by the rules laid down by the Supreme Court in *In Re: King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951) and the rules often cited in Calvert's treaties "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L. Rev. 361 (1960). Having considered the entire record on appeal, we hold that the appellants' points of error 1 through 4 should be sustained. *Rosales v. Lara*, 519 S.W.2d 245 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Hudson v. Gaines*, 501 S.W.2d 734 (Tex.Civ.App.—Corpus Christi 1973, no writ); *City of Austin v. Salazar*, 241 S.W.2d 445 (Tex.Civ.App.—Austin 1951, writ ref'd n. r. e.). The record clearly demonstrates there was ample evidence to support each of the jury's findings.

■ Where on appeal the appellate court determines that a judgment non obstante veredicto was erroneously entered the court must reverse the judgment of the trial court and enter a judgment in harmony with the verdict, unless the appellee's cross-points are sufficient to vitiate the jury's verdict. The telephone company by cross-points of error 1 through 4 contends that the evidence is factually insufficient to support the jury's answer to special issues 1, 2, 4 and 5. We have considered all of the evidence and determine that these points should be overruled. Lastly, the telephone company by cross-points 5 through 8 complains of the award of damages to Mr. and Mrs. Gonzales as being against the greater weight and preponderance of the evidence so as to be manifestly unjust, or so excessive as to require a substantial remittitur. These points are also overruled.

Mr. and Mrs. Gonzales were damaged. Mrs. Gonzales testified that she was humiliated and that the incident made her sick to her stomach; that her stomach turned and ached; and she could not sleep at night because she wondered who had come into her home. She testified that it made her sick to her stomach because of the thought that somebody had broken into her home like a thief. She testified that she experienced nervousness, that she went to her doctor and received a shot and some medication from him; that she was so angry about it inside, that she did not think that she would ever forget it. It was her concern that her home had been invaded without her permission and that she had been treated as though she had no right to the privacy of her own home. She also testified that she felt badly because her neighbors assumed that she had not paid her phone bill and assumed that that was the reason her phones had been removed.

Mr. Gonzales testified that the incident made him feel "like the size of a red ant, as small as that." This was a description that the jury was free to recognize as a feeling of loss of stature, self-esteem and humiliation. He testified that he felt that his rights had been invaded and he believed that the incident happened because he was

a Mexican-American and if his house had been located somewhere other than on the west side of town, the entry into his house would not have been made by the telephone company's employee.

 There is no certain standard by which personal injury damages can be measured. Each case must stand on its own facts and circumstances, and a comparison with other cases on amounts of verdicts therein is of little or no help. *Broesche v. Bullock,* 427 S.W.2d 89 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.); *J. A. Robinson Sons, Inc. v. Ellis,* 412 S.W.2d 728 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); *Claunch v. Bennett,* 395 S.W.2d 719 (Tex.Civ.App.—Amarillo 1965, no writ); *Graham v. Morris,* 366 S.W.2d 792 (Tex.Civ.App.—Amarillo 1963, no writ); *Missouri Pacific Railroad Company v. Handley,* 341 S.W.2d 203 (Tex.Civ.App.—San Antonio 1960, no writ); *Higginbotham v. O'Keeffe,* 340 S.W.2d 350 (Tex.Civ.App.—Amarillo 1960, writ ref'd n. r. e.); *Green v. Rudsenske,* 320 S.W.2d 228 (Tex.Civ.App.—San Antonio 1959, no writ); *Hayter Lumber Co. v. Winder,* 295 S.W.2d 730 (Tex.Civ.App.—Beaumont 1956, writ dism'd). This rule is based upon a sound policy consideration that the same loss will occasion different damages to different individuals depending upon mental attitude and the effect of the injuries on different people generally. The damages in cases of this nature cannot be proven with the certainty and accuracy as it can in some other cases. *Continental Bus System, Inc. v. Toombs,* 325 S.W.2d 153 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.). Therefore, the question of damages, if not excessive, is properly left for the jury to determine. *Rosenblum v. Bloom,* 492 S.W.2d 321 (Tex.Civ.App.—Waco 1973, writ ref'd n. r. e.); *South Texas Natural Gas Gathering Company v. Guerra,* 469 S.W.2d 899 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Saper v. Rodgers,* 418 S.W.2d 874 (Tex.Civ.App.—Houston [1st Dist.] 1967 writ ref'd n. r. e.).

 We conclude therefore, that in the absence of a clear showing that passion, prejudice or other improper matters influenced the jury, the amount assessed will not be set aside in this Court as excessive. *Borak v. Bridge,* 524 S.W.2d 773 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Bond v. Duren,* 520 S.W.2d 460 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.); *Skillern & Sons, Inc. v. Stewart,* 379 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.); *Camco, Incorporated v. Evans,* 377 S.W.2d 703 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.).

We have carefully reviewed all the evidence in the light of the applicable rules. We do not find that the damages awarded by the jury under the circumstances, are against the greater weight or preponderance of the evidence, nor are they excessive. The judgment of the trial court is accordingly reversed and judgment is here rendered that Mr. and Mrs. Gonzales recover $1800.00 each from the defendant telephone company and with interest from date of the trial court judgment and for costs.

REVERSED AND RENDERED.