**H.C. GILL and Fort Worth Publishers, Inc., Appellants,**

**v.**

**H.D. SNOW, Appellee.**

No. 2–82–056–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 30, 1982.

Wynn, Brown, Mack, Renfro & Thompson, and William M. Schur, Garrett & Stahala, and Steve M. King, Fort Worth, for appellants.

Frank W. Sullivan, III, Fort Worth, for appellee.

Bishop, Lamsens & Brown, and Thomas J. Williams, Fort Worth, for amicus curiae.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an invasion of privacy case. Appellee H.D. Snow (hereinafter referred to as "Snow"), sued appellants H.C. Gill ("Gill") and Fort Worth Publishers for invasion of his privacy based on an advertisement paid for by Gill and printed in the Observer, a community newspaper, printed by Fort Worth Publishers. Following a jury verdict in favor of Snow and its finding of compensatory and exemplary damages, the trial court entered judgment against Gill and Fort Worth Publishers in the amount of $25,000.

Snow originally filed two separate suits for invasion of privacy; one against Gill and Fort Worth Publishers, and the other against Gill and Churchman-Kent Inc. (publishers of the Northeast Community newspaper). The trial court consolidated the two cases but Churchman-Kent, Inc. is not involved in this appeal.

We reverse and render.

Snow and Gill owned adjoining property bordered by Little Fossil Creek in Haltom City, Texas. For several years, the property had been used as a gravel pit. Snow refilled his portion of the old gravel pit and approximately two years later, the creek flooded. Gill blamed Snow for his flooding problems, and despite attempts by Snow to correct the problem, Gill was not satisfied. As a result, Gill caused a full page advertisement to be placed in the Observer in which Gill reproduced a letter sent to Snow by the Texas Water Development Board regarding the landfill and Gill's lack of compliance with the Texas Water Code. Gill made various comments in the Observer based on his research of public records and asked open questions concerning Snow's complicity with the mayor and city council and whether there were any other "privileged" people to be found on the city records. Finally, Gill asked the voters to elect four new council members.

We find it necessary to summarize briefly the tort concerning invasion of privacy. Privacy is generally defined as the right of a person to be left alone, to live a life of seclusion and to be free from any unwarranted publicity. *Billings v. Atkinson,* 489 S.W.2d 858 (Tex.1973). *Moore v. Charles B. Pierce Film Enterprises,* 589 S.W.2d 489 (Tex.Civ.App.—Texarkana 1979, writ ref'd. n.r.e.). The Restatement of Torts recognizes four different and distinct violations under Invasion of Privacy:

a) unreasonable intrusion upon the seclusion of another;

b) appropriation of the other's name or likeness;

c) unreasonable publicity given to the other's private life;

d) publicity that unreasonably places the other in a false light before the public.

Restatement (Second) of Torts, sec. 652A (1977).

Here we need only consider three of the four alleged invasion of privacy violations, those that were pleaded by the appellee Snow, and that upon which the trial court submitted its special issues. In Snow's petition, his first cause of action alleges the intrusion upon his seclusion, solitude and into his private affairs. The elements for intrusion upon the plaintiff's seclusion, solitude and into his private affairs require that there be an intentional intrusion, upon the solitude or seclusion of another or his private affairs or concerns that is highly offensive to a reasonable person. Restatement (Second) of Torts, sec. 652B (1977). This type of invasion of privacy is generally associated with either a physical invasion of a person's property or by eavesdropping on another's conversation with the aid of wiretaps, microphones or spying. *Gonzales v. Southwestern Bell Tel. Co.,* 555 S.W.2d 219 (Tex.Civ.App.—Corpus Christi 1977, no writ). *See also* Restatement (Second) of Torts, sec. 652B, comments b, c, and d (1977). We find no evidence to support a recovery under this form of invasion of privacy.

The second allegation was that Gill placed Snow in a false light. There are no Texas cases directly on point, but the Restatement of Torts sets out the elements of false light as:

a) the false light in which the other was placed would be highly offensive to a reasonable person, and

b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. Restatement (Second) of Torts, sec. 652E (1977).

We hold the evidence will not support a cause of action for false light because we believe no false statements of fact were ever publicized; they were obtained from public records, and no false statements were proved at trial.

The trial court submitted special issues based on public disclosure of private facts. The Restatement sets out the elements of this tort as publicizing matters that:

(a) would be highly offensive to a reasonable person, and

(b) is not of legitimate concern to the public. Restatement (Second) of Torts, sec. 652D (1977).

We hold that there was no evidence to support a judgment. The advertisement was for the most part based on information obtained from public records. Once information is made a part of a public record, there can be no liability for publicizing it. *Industrial Foundation of the South v. Texas Industrial Accident Board,* 540 S.W.2d 668 (Tex.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

This State's policy has been found to be that all information kept by the government is of legitimate public concern unless the legislature rules that the need for confidentiality is outweighed by the public's right to know. *Id.* at 685. *See also* V.A. C.S., art. 6252–17a (1973).

We also hold that there was no evidence to support an award of damages to Snow. Invasion of privacy is a willful tort which constitutes a legal injury. Damages for mental suffering may be recovered without the necessity of any actual physical injury since this type of injury is essentially mental, subjective and one where no actual harm is done to the plaintiff's body. *Billings v. Atkinson, supra.* Mental anguish, however, is more than mere disappointment, anger, resentment, or embarrassment, which is all that is supported by the record in this case. *Trevino v. Southwestern Bell Tel. Co.,* 582 S.W.2d 582 (Tex.Civ. App.—Corpus Christi 1979, no writ).

For the reason stated, we hold that Gill and Fort Worth Publishers were in no way liable under the theories of invasion of privacy, and that damages cannot be assessed.

We reverse the judgment of the trial court and render judgment for Gill and Fort Worth Publishers.