**TELEDYNE EXPLORATION COMPANY, Appellant**

v.

**Joseph G. KLOTZ, Appellee.**

**No. 13–84–353–CV.**

Court of Appeals of Texas, Corpus Christi.

March 28, 1985.
Rehearing Denied April 11, 1985.
Amended Rehearing Overruled April 18, 1985.

Judith Y. Robertson, New Orleans, La., for appellant.

Richard A. Hall, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is a trespass to real property case. Joseph Klotz, the landowner, sued Teledyne Exploration Company for damages after Teledyne entered upon his property and began bulldozing a sendero to facilitate running a seismic survey line.

Dr. Klotz sued for (1) actual damages to the land resulting from displacement of topsoil and destruction of trees, (2) mental distress, and (3) exemplary damages.

Trial was to the jury which, in answer to special issues, found $15,000.00 in actual damages to the property, and awarded $50,000.00 as compensation for past and future mental distress. The jury refused to find that Teledyne acted willfully and maliciously; therefore, no exemplary damages were awarded. Judgment was entered for $65,000.00. We affirm.

In the light most favorable to the verdict, the evidence shows that Teledyne contacted Dr. Klotz and requested permission to conduct a seismic survey. Dr. Klotz agreed, but then asked whether Teledyne would use thumpers or explosives to create the shock waves necessary for the survey. When told Teledyne would blast, Dr. Klotz withdrew his permission and told Teledyne to "hold off." Teledyne's representative said he would "get back" with Dr. Klotz, but never did so before its crew commenced the clearing operation. The use of a bulldozer was never mentioned to appellee by Teledyne.

Teledyne's appeal herein is from that portion of the judgment awarding damages for mental anguish. In its first point of error, Teledyne alleges that the court erred in entering judgment on the jury's verdict of $50,000.00 because an award for mental anguish cannot be sustained unless the trespass was willful.

Teledyne takes the position that all trespasses are intentional torts, but that an intentional trespass may also be either willful or not willful, depending on the trespasser's knowledge of whether he has permission to be on the property. Teledyne argues that damages for mental anguish are only proper where the trespass is willful in the sense that the trespasser has knowledge that the entry is without permission.

We agree with Teledyne that Texas courts recognize a distinction between trespass as an intentional tort and willful trespass. *See generally Pargas of Longview, Inc. v. Jones*, 573 S.W.2d 571, 574 (Tex.Civ. App.—Texarkana 1978, no writ). However, we believe that the proper distinction is that exemplary damages are only recovera-

ble when the trespass is willful, and by willful we mean an act that is wanton or malicious or actuated by evil intent. See our discussion in *Houston Lighting and Power Co. v. Sue*, 644 S.W.2d 835, 839 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

Unfortunately, much confusion has arisen from loose use of the word willful. Some courts have used "willful" to mean that "aggravated" or "deliberate" conduct sufficient to support imposition of exemplary damages in addition to actual damages, see *Pargas*, 573 S.W.2d at 574, while other courts have used "willful" interchangeably with "intentional" to refer to that conduct sufficient to support an award of actual damages. *Michels v. Crouch*, 150 S.W.2d 111, 113 (Tex.Civ.App.—Eastland 1941, writ dism'd judgm. cor.).

▬ However, upon close reading of the cases to determine the context in which the term "willful" is used, we reach the conclusion that compensation for mental anguish is recoverable as an element of actual damage when the plaintiff establishes an intentional tort. If an actionable injury is done to one's name, person or property, the complaining party may recover, as actual damages, compensation for the proximate results of the wrongful act. When injury to the feelings is such result, it forms an element of the actual damage. *Harned v. E–Z Finance Co.*, 151 Tex. 641, 254 S.W.2d 81, 85 (1952).

▬ In this case, there was an actionable injury, i.e., a trespass on property of Dr. Klotz. We hold that compensation for mental anguish was proper as an element of the actual damages for this intentional tort. Appellant's first point of error is overruled.

In its first point of error, appellant also alleges there is no evidence to support the jury's finding of mental anguish. In its second point of error appellant alleges the evidence is factually insufficient to support an award for mental anguish. By its third point of error, appellant seeks a remittitur. The common thread running through Tele-

dyne's argument is that Dr. Klotz showed only he was angry.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L. Rev. 361 (1960).

Dr. Klotz testified as follows:

Q: How did you feel when you saw it?

A: I don't think words can describe. It was just a total feeling of unreality as if I am in the wrong place. Is this really my place? It's a shock feeling. I had a hysterical wife on my hands that took off running down this thing.

Q: Now, Doctor, why—I mean after all just because the company had come out and bulldozed down your trees, why did that make you feel that way; do you know?

A: Well, I just felt like we had been violated or something. I'm just not sure what the feeling is. It's just a terrible shock.

Q: I notice today that when you talk about it you get choked up.

A: I sure do. I'm ready to fight.

The area where the trees were bulldozed was called "Turkey Hollow" because turkeys used to frequent this part of his farm and the appellee desired to keep the land in its natural state. There was testimony from Dr. Klotz that he could see the "path of destruction" at seven different places as he drove around his property and this reminded him of what happened. A nursery man also testified that Dr. Klotz would never in his lifetime have a tree like a particular twelve-inch diameter oak tree that was destroyed. This tree had taken fifty to sixty years to grow and there were other oak trees destroyed and mesquite trees destroyed; one mesquite tree was

described as thirty-four inches in circumference.

 The testimony that Dr. Klotz was disorientated, shocked, felt violated and was choked up, is some evidence of mental anguish, and his other testimony indicates the continuing nature of his suffering. We overrule appellant's complaint that there is no evidence to support the verdict. We also find the evidence factually sufficient to support the verdict and we decline to order a remittitur.

In *Trevino v. Southwestern Bell Telephone Co.*, 582 S.W.2d 582 (Tex.Civ.App.—Corpus Christi 1979, no writ), we wrote:

> The term "mental anguish" implies a relatively high degree of mental pain and distress. It is more than mere disappointment, anger, resentment or embarrassment, although it may include all of these. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, dispair and/or public humiliation.

*Id.* at 584. We believe the record reflects that degree of mental pain, severe disappointment and indignation sufficient to support the jury's verdict.

 Dr. Klotz testified that he felt "violated". In *Gonzales v. Southwestern Bell Telephone Co.*, 555 S.W.2d 219 (Tex.Civ.App.—Corpus Christi 1977, no writ), the plaintiff testified that the incident made him feel "like the size of a red ant, as small as that." We wrote: "[t]his was a description that the jury was free to recognize as a feeling of loss of stature, self-esteem and humiliation". *Id.* at 222. Webster's New Twentieth Century Dictionary (2d ed. 1980) includes as synonyms for "violate" the words ravish, rape, outrage and debauch. We believe that Dr. Klotz's statement that he was violated was a description that the jury was free to recognize as feelings of outrage and indignation. Appellant's second point of error is overruled.

Concerning remittitur, absent an affirmative showing that passion, prejudice or other improper matters influenced the jury, the amount assessed will not be set aside in this Court as excessive. *Gonzalez*, 555 S.W.2d at 223. We have reviewed all of the evidence and cannot say that the award is so excessive as to shock the conscience of this Court. *Dover Corp. v. Perez*, 587 S.W.2d 761 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.