**Yolanda DONNEL, Appellant,**

v.

**Joseph LARA, et al., Appellees.**

**No. 04–84–00306–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 27, 1985.

Rehearing Denied Dec. 27, 1985.

Writ Filed Jan. 23, 1986.

James R. Bass, Charles E. Hardy, San Antonio, for appellant.

Douglas S. Daniel, San Antonio, for appellees.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

CANTU, Justice.

Joseph Lara and his wife, Diana R. Lara, acting individually and as next friend for Daniel R. Lara and Michael J. Lara, minors, brought suit against Yolanda Donnel alleging that on several occasions Donnel, appellant herein, had willfully and without consent and knowledge of the plaintiffs made repeated intrusions into their (plaintiffs'/appellees') privacy by placing repeated phone calls to their residence at unreasonable hours and in such manner as would highly offend a reasonable person of ordinary sensibilities.

Appellees claimed a loss of privacy, loss of the exclusive use of their telephones, loss of sleep and rest and other related misfortunes. Also claimed were monetary losses.

In addition to actual losses, appellees sought to recover exemplary damages for the alleged willful and malicious conduct of appellant. Injunctive relief was also sought.

The cause was tried to a jury which answered special issues favorable to appellees. Based upon the jury findings, the trial court entered its judgment awarding each adult appellee actual damages of one dollar ($1.00) each and combined exemplary damages of $4,500.00. The trial court fur-

ther granted a permanent injunction against appellant.

On appeal appellant complains of trial court error in numerous particulars, viz:

(1) in failing to direct a verdict in her favor

(2) in submitting special issues to the jury on liability

(3) in failing to disregard jury findings

(4) in rendering judgment on the jury's verdict

(5) in failing to grant her motion for judgment *non obstante veredicto*

Appellant further complains that the trial court should not have rendered judgment for exemplary damages in a ratio of 2250 to 1 and in not ordering a remittitur.

With the exception of the last two contentions, all of appellant's contentions are predicated upon the premise that the cause of action pleaded by appellees does not exist in Texas.[1]

■ Appellant's argument avers that a telephone call cannot be the basis of a cause of action based on the tort of invasion of privacy. Appellant cites to us the cases of *Gill v. Snow*, 644 S.W.2d 222 (Tex.App.—Fort Worth 1982, no writ) and *Gonzales v. Southwestern Bell Telephone Company*, 555 S.W.2d 219 (Tex.Civ.App.— Corpus Christi 1977, no writ).

*Gonzales v. Southwestern Bell Telephone Co., supra,* was an action in the form of trespass upon property of another. In recognizing that invasion of privacy exists in what may be labeled four separate categories, the appellate court simply held that the trial court erred in entering a judgment *non obstante veredicto* because the evidence raised a factual issue as to whether the plaintiffs had brought their case within one of the enumerated catego-

ries. *Gonzales* does not hold that invasion of privacy cannot occur as a result of telephone harassment.

*Gill v. Snow, supra,* is another invasion of privacy case arising from the act of printing an advertisement in a community newspaper which allegedly placed the plaintiff in a false light before the public. This case also recognizes four separate and distinct categories encompassing the tort of invasion of privacy. *See* RESTATEMENT (SECOND) OF TORTS, § 652A (1977).[2] In reversing the judgment entered upon jury findings the appellate court concluded that there was no evidence to support an award of damages for invasion of privacy under any of the theories pleaded by the plaintiff.

Appellant grasps upon the following language appearing in both *Gonzales* and *Gill:*

This type of invasion of privacy [intrusion upon the seclusion, solitude and private affairs of an individual] is generally associated with either a physical invasion of a person's property or by eavesdropping on another's conversation with the aid of wiretaps, microphones or spying.

It is argued that telephone calls are not within the included classes of intrusions. We do not read the quoted language as purporting to be all inclusive. To the contrary, the language recognizes that the enumerated intrusions comprise the more common acts constituting an invasion of privacy. We reject appellant's argument that telephone harassment cannot, as a matter of law, constitute the tort of invasion of privacy. We further reject appellant's contention that appellees have failed to allege a cause of action simply because the allegations contained in their petition do not fall within the confines of the more

---

**1.** Appellant does not challenge the sufficiency of the evidence to support the pleadings. Rather her assault is directed solely at the sufficiency of the pleadings to state a cause of action.

**2.** RESTATEMENT (SECOND) OF TORTS, § 652A (1977) provides:

(a) unreasonable intrusion upon the seclusion of another;

(b) appropriation of the other's name or likeness;

(c) unreasonable publicity given to the other's private life;

(d) publicity that unreasonably places the other in a false light before the public.

familiar fact situations involving the tort of intrusion.[3] Simply because no reported Texas case exists which has recognized the type of intrusion pleaded by appellees as an actionable tort for invasion of privacy is no reason to reject it outright. Other jurisdictions have had occasion to consider similar pleadings as those now before us and have found no reason to reject them as not alleging a cause of action. *See i.e., Housh v. Peth,* 165 Ohio St. 35, 133 N.E.2d 340 (1956) (creditor collection telephone harassment); *Carey v. Statewide Finance Co.,* 3 Conn. Cir. 716, 223 A.2d 405 (Conn.Cir.Ct.1966) (creditor collection telephone harassment).

We overrule appellant's first six points of error.

■ The next three points of error complain of the awarding of exemplary damages in the absence of actual damages. Argument is made that the award of two dollars to appellees as actual damages constitutes only nominal damages and that nominal damages cannot support the award of exemplary or punitive damages.

Special Issues Nos. 6 and 8 together with the jury's answers read:

### SPECIAL ISSUE NO. 6

If you find by a preponderance of the evidence that on occasions in the past telephone calls were repeatedly made to Plaintiff's residence at unreasonable hours, and you further find by a preponderance of the evidence that some of the telephone calls were made by Yolanda Donnel, and you further find by a preponderance of the evidence that Joseph Lara suffered actual damages as a proximate result of Defendant's conduct, what sum of money, if any, do you find by a preponderance of the evidence that Plain-

tiff Joseph Lara should be awarded against Yolanda Donnel to compensate him for the loss of his privacy?

Answer in dollars and cents, if any.
ANSWER; $1.00

### SPECIAL ISSUE NO. 8

If you find by a preponderance of the evidence that on occasions in the past telephone calls were repeatedly made to Plaintiff's residence at unreasonable hours, and you further find by a preponderance of the evidence that some of the telephone calls were made by Yolanda Donnel, and you further find by a preponderance of the evidence that Diana R. Lara suffered actual damages as a proximate result of Defendant's conduct, what sum of money, if any, do you find by a preponderance of the evidence that Plaintiff Diana R. Lara should be awarded against Yolanda Donnel to compensate her for the loss of her privacy?

Answer in dollars and cents, if any.
ANSWER: $1.00

The judgment in pertinent part recites:

It is, therefore, Ordered, Adjudged and Decreed by the Court that Plaintiffs Joseph Lara and Diana R. Lara, Individually, each have and recover from Defendant, Yolanda Donnel, actual damages in the amount of One Dollar and No/100 (1.00) and jointly recover exemplary damages in the amount of Four Thousand Five Hundred Dollars and no/100 ($4,500.00).

Therefore, the judgment which tracks the jury findings awards a compensatory amount representing actual monetary losses to appellees.

---

**3.** Dean Prosser answers appellant's contention thusly:

An obviously different form of invasion consists of an unreasonable and highly offensive intrusion upon the seclusion of another. This is said to consist of intentional interference with another's interest in solitude or seclusion, either as to his person or to his private affairs or concerns. One form of invasion consists of intrusion upon the plaintiff's physical solitude or seclusion, as by invading his home or other quarters, or an

illegal search of his shopping bag in a store. The principle has, however, been carried beyond such physical intrusion, and extended to eavesdropping upon private conversations by means of wiretapping and microphones; and there are decisions indicating that it is to be applied to peering into the windows of a home, as well as persistent and unwanted telephone calls. W. PROSSER, W. PAGE KEETON, PROSSER AND KEETON ON TORTS § 117, pp. 854–855 (5th ed. 1984).

It has been said that nominal damages are damages in name only and not in fact, and are allowed not as an equivalent for a wrong inflicted, but simply in recognition of the existence of a technical injury. Thus it follows that the violation of a legal right gives rise to a presumption of damage even if actual or compensatory damages are not shown. *Fouraker v. Kidd Springs Boating & Fishing Club,* 65 S.W.2d 796 (Tex. Civ.App.—Dallas 1933, no writ); *Flouroy v. Story,* 37 S.W.2d 272 (Tex.Civ.App.— Fort Worth 1930, no writ).

An award of nominal damages is not sufficient to sustain a recovery of exemplary damages where no actual damages can be shown to have been incurred. *Harrell v. F.H. Vahlsing, Inc.,* 248 S.W.2d 762 (Tex.Civ.App.—San Antonio 1952, writ ref'd n.r.e.).

There is no specific sum that can be defined as nominal damages. However, one dollar is the usual sum allowed. *Press v. Davis,* 118 S.W.2d 982 (Tex.Civ.App.— Fort Worth 1938), *modified on other grounds,* 135 Tex. 60, 140 S.W.2d 438 (1940).

The testimony of appellees discloses that actual damages incurred by them exceeded fifty dollars. The award of two dollars is within the proof adduced and does not represent damages in name only or damages in an arbitrary amount awarded in recognition of the existence of a technical injury.

Appellees' petition alleged that actual damages suffered by them as a result of appellant's wrongful acts exceeded the minimum jurisdictional limits of the court and prayed for recovery accordingly. Appellant did not except to the allegation as not pleading an exact amount nor did she object to the evidence offered in support of the allegations which supports the amount found by the jury. The amount prayed for was more than the total sum found by the jury. There being no pleading for any specific amount the jury was authorized to find such amount as the evidence would warrant so long as it did not exceed the total amount sued for. *Butane Wholesale Company v. Buehring,* 325 S.W.2d 173 (Tex.Civ.App.—San Antonio 1959, writ dism'd).

We reject appellant's characterization of the damages found by the jury as being nominal damages incapable of supporting an award of exemplary damages.

Appellant does not challenge the existence of or the sufficiency of the evidence to support the award of exemplary damages. Having determined that there are actual damages found to have been sustained by appellees we hold that the award of exemplary damages was proper. *King v. Keystone-Fleming Transport, Inc.,* 299 S.W.2d 747 (Tex.Civ.App.—Amarillo 1957, writ ref'd n.r.e.). Appellant's seventh, eighth and ninth points of error are overruled.

■ The final two points complain of the trial court's rendering of a judgment in which the ratio of exemplary damages to actual damages is 2,250 to 1 and in refusing to order a remittitur and entering a judgment in which the exemplary damages are reasonably proportioned to the actual damages.[4]

Whether an award of exemplary damages is excessive depends on the facts of the particular case. *Skillern & Sons, Inc. v. Stewart,* 379 S.W.2d 687 (Tex.Civ.App.— Fort Worth 1964, writ ref'd n.r.e.).

■ There is no fixed ratio between exemplary and actual damages, but the amount of exemplary damages should be reasonably proportioned to the actual damages sustained. *Briggs v. Rodriguez,* 236 S.W.2d 510 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.). Since the ratio in a particular case depends on the facts much is necessarily left to the discretion of the jury. *Burke v. Bean,* 363 S.W.2d 366 (Tex. Civ.App.—Beaumont 1962, no writ). Factors to consider in determining whether an award of exemplary damages is reasonable include (1) the nature of the wrong, (2)

**4.** The record does not reflect that the trial court was ever requested to order remittitur or that the trial court declined to do so. Appellees do not challenge appellant's point on this basis and we, therefore, assume the court refused to do so and address the contention on the merits.

the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *Alamo National Bank v. Kraus,* 616 S.W.2d 908 (Tex.1981).

Unless the award is so large as to indicate that it is a result of passion, prejudice, or that the evidence has been disregarded, the verdict of the jury is conclusive and will not be set aside as excessive, either by the trial court or on appeal. *Tynberg v. Cohen,* 76 Tex. 409, 13 S.W. 315 (1890); *Kraus v. Alamo National Bank of San Antonio,* 586 S.W.2d 202 (Tex.Civ. App.—Waco 1979), *aff'd,* 616 S.W.2d 908 (Tex.1981).

Appellant argues that the amount awarded as exemplary damages is disproportional to the actual damages and is therefore excessive. We do not agree that a disproportionate award alone renders it excessive and subject to remittitur. Nor are we convinced that the award is necessarily a large one.

We understand the rule to require, in cases where the actual damages are small and the exemplary damages large, only that we consider such occasion as a fact to be examined in determining whether passion rather than reason dictated the verdict. *Tynberg v. Cohen,* 76 Tex. 409, 13 S.W. 315 (1890).

The invasion of privacy in this case was in large measure, inflicted upon the mental state of each appellee occasioned by frequent phone calls at unreasonable hours of the night. The record discloses active and intentional conduct on the part of appellant to disrupt appellees' lives in the face of repeated efforts to prevent such conduct, even to the point of monetary expenditures.

The conduct pursued by appellant continued for several months, terminating only after filing of the instant lawsuit.

Moreover, the record reflects that appellees had obligated themselves to pay reasonable attorney fees as a necessary prerequisite for obtaining relief through the courts. The amount of attorney fees owed by appellees through trial amounted to $4,462.52. We believe the jury was justified in considering the legal expenses incurred by appellees in arriving at exemplary damages. Under the circumstances we cannot say that the amount of $4,500.00 assessed as exemplary damages for the appellees reflects that it is the product of passion, prejudice or that the evidence has been disregarded. We believe the award to be totally in keeping with the evidence and hold that it is not excessive under the circumstances of this case. To the contrary, we hold that the amount exemplified an accurate application of the purposes for exemplary damages—to punish and deter similar wrongs in the future. *See Cotton v. Cooper,* 209 S.W. 135 (Tex.Comm'n App. 1919, jdgmt adopted).

The trial court did not err in rendering judgment nor in not requiring a remittitur. Appellant's final two points of error are overruled. The judgment of the trial court is affirmed.