**TECHCRAFT, INC. d/b/a Techcrafts Systems, Appellant,**

v.

**Steven VAN HOUTEN and Patricia Van Houten, Appellees.**

**No. 04–85–00152–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 19, 1986.

Rehearing Denied April 16, 1986.

William W. Sommers, San Antonio, for appellant.

James N. Higdon, Charles E. Hardy, San Antonio, for appellees.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This cause of action concerns a claim for damages resulting from the conversion of a computer and equipment. The jury found appellant guilty of conversion and awarded appellees $700.00 in actual damages and $9,000.00 in punitive damages.

The record evidence shows that appellee Steven Van Houten, who is physically disabled and confined to a wheelchair, owned a computer which needed modifications. Appellant's employee, a truck driver, volunteered to take the computer and equipment to Oklahoma City for the required service. It is undisputed that the employee was performing this service without the knowledge or consent of appellant. Immediately thereafter the employee quit his job and returned the truck to appellant's business premises, together with appellee's computer. Appellee on several occasions demanded the return of his property showing purchase receipts and cancelled check to prove ownership, but appellant refused. Appellee complained to the police department and the office of the District Attorney but was unsuccessful in getting his property back. He subsequently filed suit and obtained the return of the property after executing an indemnity agreement. The computer and equipment were returned in a damaged condition.

In two points of error, appellant complains that the award of punitive damages bears no reasonable relationship to the actual damages in this case and was based only on evidence of attorney's fees, which amount he asserts is unreasonable and grossly excessive. However, appellant does not argue his second point of error.

Exemplary damages should be reasonably proportioned to actual damages. *Alamo National Bank v. Kraus,* 616 S.W.2d 908, 909 (Tex.1981); *Southwestern Investment Co. v. Neely,* 452 S.W.2d 705, 707 (Tex.1970). Nevertheless, the jury verdict is conclusive unless the size of the award indicates that it was the result of passion rather than reason. *Tynberg v. Cohen,* 76 Tex. 409, 13 S.W. 315 (1890). Appellant argues that $9,000.00 is excessive because the ratio of punitive to actual damages is 12.85/1. There is no set rule of ratio. Reasonability depends upon the facts in the particular case, including the nature of the wrong, the character of the

conduct, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice. *Alamo National, supra; Cain v. Fontana,* 423 S.W.2d 134, 139 (Tex.Civ. App.—San Antonio 1967, writ ref'd n.r.e.).

The record in this case reflects intentionally wrong conduct by appellant, who retained possession of appellees' computer despite appellees' proof of ownership. Appellee was forced to obligate himself to pay attorney's fees in order to obtain relief. Appellant threatened to auction the computer in order to satisfy the debt it claimed was due it from its former employee. It was not until after appellee filed suit that the computer, in damaged condition, was returned.

■ This Court has recently held that the consideration of attorney's fees in the award of punitive damages is appropriate where defendant's actions have forced the plaintiff to seek relief in the courts. *See Donnel v. Lara,* 703 S.W.2d 257, No. 04-84-00306-CV (Tex.App.—San Antonio, Nov. 27, 1985, writ granted); *see also Texas Oil & Gas Corp. v. Hagen,* 683 S.W.2d 24, 30 (Tex.App.—Texarkana 1984, no writ); *Bank of North America v. Bell,* 493 S.W.2d 633, 636 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ); *Carter v. Barclay,* 476 S.W.2d 909, 917 (Tex.Civ.App.—Amarillo 1972, no writ). In the instant case, appellee's counsel testified to $7,000.00 in attorney fees. Under the circumstances we cannot say that $9,000.00 in exemplary damages is the product of passion or prejudice. Accordingly, appellant's points of error are overruled.

In two cross-points, appellees challenge the validity of a remittitur of $2,000.00 in exemplary damages by the trial court. There is nothing in the record to prove the existence of remittitur. Because there is no remittitur before us, we need not address appellees' cross-points.

The judgment of the trial court is affirmed.