# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00321-CV

**Reginald Baugh and Bobbie H. Baugh, Appellants**

**v.**

**James Allan Fleming and Melissa Hatfield Fleming, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 06-537-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this case, the district court entered judgment against appellants Reginald Baugh and Bobbie H. Baugh, awarding damages to appellees James Allan Fleming and Melissa Hatfield Fleming for invasion of privacy, and granting the Flemings an injunction against the Baughs' moving their satellite dish in violation of the homeowners' association agreement. We hold that the Baughs' videotaping inside the Flemings' house from their neighboring property, over the privacy fence separating the Baughs' and Flemings' properties, constituted an actionable invasion of privacy. We also hold that, based on a provision of the homeowners' association agreement, the Flemings had standing as individual homeowners to assert a claim for injunctive relief to enforce the agreement. We affirm the judgment of the district court.

The Baughs and the Flemings are next-door neighbors. The Baughs filed suit against the Flemings on July 17, 2006, asserting various causes of action based on the Baughs' allegation

of "loud and incessant barking" by the Flemings' dog. The Flemings counter-sued, seeking damages for intentional infliction of emotional distress and invasion of privacy, an injunction against the Baughs' moving their satellite dish in violation of the restrictive covenants established by the homeowners' association, and attorneys' fees. Prior to trial, the Baughs non-suited their claims. On April 7, 2008, the district court entered judgment awarding the Flemings damages for invasion of privacy and enjoining the Baughs from violating the applicable deed restriction. The Baughs appeal.

In their first issue on appeal, the Baughs contest the district court's judgment on the Flemings' invasion of privacy claim. On a Saturday morning, Melissa Fleming, while eight months pregnant and wearing her pajamas, observed Reginald Baugh videotaping her through her kitchen window for approximately 10 seconds. Reginald was in his backyard, filming over the six-foot privacy fence, which, according to James Fleming's testimony, is 10 to 15 feet from the side of the Flemings' house. Melissa testified that the following day, while her mother and brother were in the house, Reginald was again observed videotaping over the fence into the house. Reginald testified that he was attempting to capture the Flemings' dog's barking on videotape, as the Animal Control Unit of the Round Rock Police Department had informed him that video was the appropriate method to demonstrate the dog's barking.

The Baughs argue that such actions, as a matter of law, do not constitute an actionable invasion of privacy. The elements of a cause of action for invasion of privacy by intrusion upon seclusion are (1) an intentional intrusion upon a person's solitude, seclusion, or private affairs or concerns, (2) that would be highly offensive to a reasonable person, and (3) as a result of which the person suffered an injury. *See Texas Comptroller of Pub. Accounts v. Attorney Gen.*, 244 S.W.3d

2

629, 636 (Tex. App.—Austin 2008, pet. granted) (citing *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)).

The Baughs contend that there was no actionable "intrusion" because they did not physically intrude into the Flemings' property or surreptitiously listen to their conversations. The Baughs rely on *Vaughn v. Drennon*, which provides that the intrusion-upon-seclusion type of invasion of privacy is "generally associated with either a physical invasion of a person's property [or] eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying." 202 S.W.3d 308, 320 (Tex. App.—Tyler 2006, no pet.). Thus, the Baughs contend, videotaping through the window of a home cannot be an actionable invasion of privacy. We disagree. Such an activity falls within the scope of the term "spying." *See Gonzales v. Southwestern Bell Tel. Co.*, 555 S.W.2d 219, 221 (Tex. Civ. App.—Corpus Christi 1977, no writ) (defining intrusion upon seclusion to include "spying into windows of a home"); *see also Clayton v. Richards*, 47 S.W.3d 149, 155-56 (Tex. App.—Texarkana 2001, pet. denied) (holding that video recording surreptitiously made when individual believes he is in state of complete privacy could violate right to privacy).

The Baughs also rely on *Vaughn v. Drennon* to argue that they did not interfere with the Flemings' "private affairs." In that case, the alleged intruder was on his own property across the street from the plaintiff and used binoculars to watch the plaintiff through her kitchen window and when she was outside her house. *See Vaughn*, 202 S.W.3d at 320. The court held that there was no invasion of privacy because "[o]ne cannot expect to be entitled to seclusion when standing directly in front of a large window with the blinds open or while outside." *Id.* The key distinction between *Vaughn* and this case, however, is the undisputed fact that in this case the Flemings' kitchen window

3

faces the backyard, not a public street, and there is a six-foot-tall "privacy fence" separating the two properties.[1] When the window of a home is not observable by the alleged intruder in the normal course of non-intrusive activities, we cannot say as a matter of law that a plaintiff has no reasonable expectation of privacy merely because her window blinds are open.

The Baughs contend that the video-recording was not "highly offensive" because it was both justified and warranted based on the animal control unit's advice to the Baughs regarding how to sufficiently prove the level of nuisance created by the Flemings' dog's barking in the backyard. *See id.* ("When assessing the offensive nature of the invasion, courts further require the intrusion to be unjustified or unwarranted.") (citing *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973)). However, Melissa Fleming testified that Reginald Baugh was videotaping directly into the kitchen window, not at the dog in the backyard. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005) (for legal sufficiency challenge, appellate courts view evidence in light favorable to verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not). Even if we were to determine that the advice of the animal control unit was somehow relevant to the issue of liability, there was no evidence that the dog was barking at the time of the filming, that the dog was inside the kitchen at the time of the filming, or that the Baughs were advised to film inside the Flemings' house.

Finally, the Baughs argue that no actionable tort for invasion of privacy occurred because of the distance between the camera and house, the angle of the filming, the duration of

---

[1] On a separate occasion, Bobbie Baugh was observed attempting to film into the Flemings' backyard, and was using a ladder in order to do so.

the filming, and the room filmed being a kitchen rather than a bedroom. We note that the Baughs did not produce a copy of the video from either filming incident at issue.[2] Consequently, there was no evidence regarding whether the distance and angle precluded the Baughs from discerning the interior of the Fleming home in the video recording. Viewing the evidence in the light favorable to the judgment, *see id.*, we presume that Reginald Baugh did capture Melissa Fleming on film. The first filming incident occurred as Melissa was in her kitchen at 8 a.m., and while the filming lasted only ten seconds, we consider the relative shortness of the filming's duration to be tempered by the ability of a video recording to be retained, reproduced, and distributed. Viewing all the evidence in the record in the light favorable to the judgment, we hold that the evidence was legally sufficient to support a judgment by the district court for invasion of privacy by intrusion upon seclusion.

In their second issue on appeal, the Baughs contest the district court's judgment on the Flemings' claim for injunctive relief. The homeowners' association agreement applicable to both the Flemings' and the Baughs' properties restricts the locations on which a homeowner may install a satellite dish. The Flemings initially asserted a cause of action against the Baughs for violating that provision of the agreement. The Baughs then moved their satellite dish to a location in compliance with the agreement. In response, the Flemings amended their petition to request an injunction

---

[2] Reginald Baugh testified as follows regarding the videotape:

We specifically set out to keep it. When it was proven not to be adequate, the video recorder that we were using was available to many people and they were all attempting at times to obtain—often the videotape would have large segments of inaccurate information. They would rewind it and attempt to, you know, save tape and in the course of affairs when I went back to look, I could not find it. I can't tell you one hundred percent it's gone. I could only tell you I couldn't find it. It may have well have been taped over.

5

against the dish being moved once more to an impermissible location. The district court granted a permanent injunction prohibiting the Baughs from placing the dish at "a location that violates the recorded deed restrictions which are applicable to their residence."

The Baughs argue that, unlike the homeowners' association itself, the Flemings do not have standing to bring suit to enforce the restrictive covenants. Section 202.004 of the Texas Property Code authorizes a "property owners' association or other representative designated by a owner of real property" to file suit to enforce a restrictive covenant established by a property owners' association. *See* Tex. Prop. Code Ann. § 202.004(b) (West 2007). The Baughs rely on *Hawkins v. Walker* for the proposition that "[i]ndividual property owners are not identified in the statute as persons or entities who are authorized to bring suit under the statute." 233 S.W.3d 380, 388-90 (Tex. App.—Fort Worth 2007, pet. denied).

However, the Flemings' cause of action for injunctive relief is brought under the terms of the applicable homeowners' association agreement itself, not under property code section 202.004. That agreement provides:

> the Owner of any Lot on the Property shall have the right to have each and all of the foregoing covenants, conditions and restrictions herein faithfully carried out and performed with reference to each and every Lot, together with the right to bring any suit or undertake any legal process that may be proper to enforce the performance thereof.

Given that the agreement permits individual homeowners—including the Flemings—to institute legal proceedings in order to enforce the restrictive covenants—including the placement of

satellite dishes—the Flemings had standing to seek an injunction to enforce the Baughs' compliance with the restrictive covenant at issue.

Having overruled the Baughs' issues on appeal, we affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   December 31, 2009