215 So.2d 673 (1968)
John LAMBERT, Plaintiff-Appellant,
v.
DOW CHEMICAL COMPANY, Inc., Defendant-Appellee.
No. 7473.
Court of Appeal of Louisiana, First Circuit.
November 12, 1968.
O. Romaine Russell, of Atkins, Airhart, Copenhaver & Russell, Baton Rouge, for appellant.
Donald T. W. Phelps, of Seale, Smith, Baine & Phelps, Baton Rouge, for appellee.
Before LANDRY, REID and SARTAIN, JJ.
SARTAIN, Judge.
In this suit plaintiff claims that his right of privacy was invaded by defendant which invasion also caused him embarrassment and humiliation. The district judge denied recovery and plaintiff has appealed.
The facts giving rise to this litigation and upon which the trial judge relied are not in serious dispute.
Plaintiff, while working as a pipefitter at defendant's plant in Plaquemine, Louisiana, was seriously injured on September 19, 1964 when a grinder exploded and badly lacerated the upper inside portion of his left thigh. He was hurriedly taken to the Plaquemine *674 Sanitarium where he was put under sedation and given immediate medical attention by Drs. Spedale and Currier. During several stages of the surgery that followed the physicians caused photographs to be taken of plaintiff's wound. They were reproduced in both color and black and white. Plaintiff remained in the hospital for eight days. Without asking plaintiff or securing his permission Mr. Robert Vaughn, Safety Director of defendant, obtained these pictures from Dr. Currier.
Mr. Vaughn readily admits that on numerous occasions prior to plaintiff's return to work these pictures were shown at safety meetings of employees of Dow Chemical. They were also shown by persons other than Mr. Vaughn to individuals who had not attended the safety meetings. Mr. Vaughn readily admits that the pictures were shown as a matter of safety education and as a part of a continuous program of safety education. There is no question that they were shown without malice and without thought to possible humiliation of or embarrassment to plaintiff. It is also undisputed that plaintiff was identified by name with the pictures.
When plaintiff returned to work he objected to the use of the photographs and they were immediately withdrawn from circulation and their use discontinued.
The trial judge concluded that the pictures having been taken in good faith and representing an accurate picture of the wound suffered by plaintiff wherein no part of the body except the immediate area of the wound was shown did not hold plaintiff up to public ridicule or cause him embarrassment. He therefore held that under these circumstances and in the interest of safety defendant's actions were reasonable and not tortious.
Under the particular facts of this case and for reasons more fully hereinafter stated we are of the opinion and must hold that the defendant did not act reasonably and the display of plaintiff's wound cannot be justified "in the interest of safety".
In the case of Hamilton v. Lumbermen's Mutual Casualty Co., 82 So.2d 61 (1st La. App., 1955) decided by this court there is contained a detailed and exhaustive resume of the law and legal principles involved in the question of one's right of privacy. The authorities cited in Hamilton cover both the common law and our own civil law jurisprudence, commencing with the first case in Louisiana of Denis v. LeClerc, 1811, 1 Mart., O.S., 297. Briefly stated the right of privacy has been defined as "the right to be let alone" or "the right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity". In Souder v. Pendleton Detectives, 88 So. 2d 716, this court held that an exception of no cause of action was improperly maintained where plaintiffs' petition contained the allegation that defendant was engaged "to shadow, trail, investigate, observe and secure information pertaining to the activities of petitioner". In McAndrews v. Roy, 131 So.2d 256, rendered by this court in 1961 it was held that defendant invaded plaintiff's right to privacy when defendant published plaintiff's picture in the paper as an advertisement for his business. In McAndrews the good intention of defendant was not questioned.
There are many cases involving plaintiff's alleged right of privacy covering a variety of situations such as whether or not the incident in question is newsworthy to the extent that defendant is privileged to reproduce the subject matter for further distribution; where private facts about plaintiff are publicly disclosed; where plaintiff is allegedly placed in a "false light" in the public eye such as using plaintiff's picture to illustrate a book with which plaintiff has no connection; and, the largest group of cases which come under the heading of "appropriation" of plaintiff's name or image for some advantage to defendant, all as more particularly described by Professor Prosser in his Law of Torts, 3d Ed., 1964. In all of these cases the courts have endeavored to balance the plaintiff's inherent right of privacy with that of public interest. To narrow these *675 generalities to the issue at hand we must determine whether or not defendant herein in the interest of safety was privileged to use the photographs taken of plaintiff's wound without plaintiff's consent.
The record is not clear just how many pictures were in fact taken, reproduced and exhibited. The record is sufficient to show that the pictures were shown on numerous occasions at safety meetings and also by persons other than the safety director himself. The pictures were of different sizes. Some 4" × 3" and some 8" × 10". The particular picture that we have reference to which we think did in fact invade plaintiff's right of privacy is an 8" × 10" color photograph of a large, gaping hole of plaintiff's upper thigh. It is the type of picture that one would expect of such a serious wound. As a matter of fact one could almost place one's fist in the wound. The wound is deep and unsightly. The use of the color photograph had for its purpose the intent to impress upon the workers of defendant in the strongest manner possible the consequences of an industrial accident. The emphasis was on the unsightliness of the wound and not the accident and plaintiff was identified by name with this ghastly photograph.
We are fully cognizant that in this day and time it is absolutely essential that industry devote considerable attention, money and professional know-how to the matter of safety because industrial accidents are a constant source of expense in the loss of life, limb and man-hours. It is not our intention here to endeavor to set forth a hard and fast set of rules that must govern the myriad of industrial accidents that occur all too frequently. When an employee goes to work for a company he can anticipate and be rightfully subjected to safety lectures and be required to conduct his own work in such a manner that he will minimize injury to himself and expense to the company. He can also expect that when he is injured that the facts and circumstances of his accident in all likelihood will be the subject of safety discussions and his name will be used. He in fact will become a statistic in the accident file of the employer.
However, an employee has the right to expect that when he is injured in an industrial accident that certain proprieties will be adhered to with respect to the manner in which his accident is used as an example to all even for safety reasons. He has the right to expect that there are valid medical or legal reasons for the taking of any photographs of any part of his anatomy while he is under sedation. The record in this case is completely devoid of any medical or legal reasons given to justify the original taking of these photographs. Had plaintiff not been under sedation he could have voiced an objection, given his approval, or asked reasons why. It will serve no useful purpose and be pure conjecture on our part for us to offer any reason why they were taken.
Therefore, under the facts of this case, where defendant without first obtaining permission from plaintiff used one of these photographs, the color one in particular, as sort of a "shocker" to remind plaintiff's fellow employees of the consequences of an industrial accident, defendant invaded plaintiff's privacy. Defendant had only to call plaintiff who was in the hospital just a few miles away. In the event defendant was determined to use this photograph for any legitimate reason and safety is recognized as a legitimate reason, it should have first obtained plaintiff's permission or used them in such a manner that plaintiff would not be identified or associated with the photograph. We agree with plaintiff when he stated that he objected to being put on "exhibit".
The evidence with respect to plaintiff's embarrassment and humiliation is in our opinion rather weak but this should not deny him the right to recover for the unauthorized use of the photograph above referred to. Distribution was limited to the plant and his fellow workers and we believe that judgment in the amount of $250.00 *676 will amply compensate him for the invasion complained of.
Accordingly, for the above reasons judgment is rendered herein reversing the judgment of the district court and rendering judgment in favor of the plaintiff and against defendant in the sum of $250.00 together with legal interest thereon from date of judicial demand until paid and for all costs.
Reversed and rendered.