542 So.2d 777 (1989)
Deborah SLOCUM, et ux., Plaintiffs-Appellants,
v.
SEARS ROEBUCK & COMPANY, etc., Defendants-Appellees.
No. 88-3.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
*778 Davis & Saybe, Michael H. Davis, Alexandria, for plaintiffs-appellants.
Gist, Methvin, Charles O. Lacroix, Alexandria, for defendants-appellees.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from a judgment dismissing plaintiffs' claims for damages stemming from an invasion of privacy. The trial court found at the conclusion of the presentation of the plaintiffs' case at trial, that the plaintiffs had shown no right to relief and rendered a judgment of involuntary dismissal. La.C.C.P.Art. 1672. The plaintiffs appealed. We affirm.
The facts are these. In 1985 Deborah Slocum, the mother of 3½ month old Ashley Belle Slocum, responded to an advertisement and had the child's photograph taken at the Sears photography studio in a store in Alexandria. Pleased with the results, the mother purchased prints of all the poses. Later, Ms. Slocum learned that a photograph of the child was in a display case in the photography studio. Another print was displayed on an advertising bulletin board in the Sears credit department. The child's photograph was later found displayed in a Sears Store in the Cortana Mall in Baton Rouge.
The parents sued Sears on behalf of their child, and also on their own behalf, for damages.
The basis for the claim for damages on behalf of the child was an invasion of the privacy of the child. The alleged basis for the claim for damages on behalf of the parents was mental anguish occasioned by the defendants' unauthorized use of the photographs of the child.
The trial court's dismissal of the suit was based on findings that no damages to the child had been proved, and that the parents could not recover damages for the invasion of privacy of their child.
After the plaintiffs filed their appeal the defendants answered asking for damages for frivolous appeal.
Tort actions for invasion of privacy are recognized in Louisiana. The right of privacy embraces four different interests, each of which may be invaded in a distinct fashion: (1) the appropriation of an individual's name or likeness for the use or benefit of the defendant; (2) an unreasonable intrusion by the defendant upon the plaintiff's physical solitude or seclusion; (3) publicity that unreasonably places the plaintiff in a false light before the public; and (4) unreasonable public disclosure of embarrassing private facts. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979). The facts of the present case place it in the first category, the appropriation *779 of the child's likeness for the use or benefit of the defendant. The facts show that there was an appropriation (a taking without consent) by Sears of the child's photograph, and its limited use for the benefit of Sears.
An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interests. Id. The reasonableness of the defendant's conduct is determined by balancing the conflicting interests at stake; the plaintiff's interest in protecting his privacy from serious invasions, and the defendant's interest in pursuing his course of conduct. Id.
In the present case Sears was guilty of a technical invasion of the privacy of the infant. Consent was not obtained from the parents for the exhibition of the photographs. However, the exhibitions were limited to Sears' stores and its photography business. They were exhibited only briefly, and the exhibition was promptly discontinued when requested by the parents. The photograph was not identified by name. The photographs were of apparent high quality and the child was evidently very pretty. In fact, the mother testified that these were some of the best pictures ever taken of her daughter. This case is not at all like McAndrews v. Roy, 131 So.2d 256 (La.App. 1st Cir.1961), where the invasion of privacy was the newspaper publication of "before and after" photographs of a plaintiff's participation in a health studio's physical education course. Nor can this case be compared to one in which an unpleasant medical photograph of a body injury was shown without approval, as in Lambert v. Dow Chemical Co., 215 So.2d 673 (La.App. 1st Cir.1968). This is not like the case where 150,000 photography advertising postcards were mailed across the state with the unauthorized photograph of the plaintiff on them, which is what happened in Olan Mills, Inc. of Texas v. Dodd, 234 Ark. 495, 353 S.W.2d 22 (1962). Nor is this a case where the defendant went into the business of selling copies of a photograph. Mendonsa v. Time, Inc., 678 F.Supp. 967 (D.R.I.1988). Damages were awarded in those cases because the invasions were serious.
Concerning the demand for damages on behalf of the child, we repeat that this was a very pretty photograph, characterized by the mother as one of the best the child had ever taken. Undoubtedly the reason it was selected for display by the store was its quality and the beauty of its subject. Its limited display without an identifying name, and the fact that the child was less than a year old during the time these events took place, show that the child could not have suffered any injury as a result of the invasion of her privacy. Unquestionably it was an invasion of privacy as an appropriation of the child's likeness for use or benefit of the defendant, and was therefore a technical invasion of the privacy of the child, but it could hardly be said that there was a serious interference with the child's privacy interest.
In Louisiana Civil Law Treatise, Vol. 12, Tort Doctrine, (1977), at pp. 22, 23, Professor Stone tells us:
Louisiana unlike common law does not award nominal damages for the mere invasion of a right, no actual damage having resulted.
* * * * * *
The burden of proving the damage is on the plaintiff. It is not presumed.
When a plaintiff fails to prove that an accident caused an injury, she cannot recover. Napoli v. State Farm Mut. Auto. Ins. Co., 395 So.2d 720 (La.1981). As stated in United Pentecostal Church v. Interstate Surplus Underwriters, 368 So.2d 1104, at p. 1109 (La.App. 2d Cir.1979):
Fault alone does not produce recovery. It is the fault which causes some damage that produces recovery or reparation for the damage under CC 2315. When this cause in fact element is not proved, even though the negligence or fault is proved, recovery of damages is not allowed.
The trial court found that the child suffered no damages and we agree with that finding.
We next consider the parents' claim for mental anguish they themselves suffered *780 as a result of the invasion of privacy of their child.
Louisiana now recognizes a cause of action in tort for mental distress experienced by a claimant resulting from injury sustained by a third person. LeJeune v. Rayne Branch Hospital, 539 So.2d 849 (La.App. 3rd Cir.1989). However, we do not reach any questions regarding the application of that case to the instant facts because, having found that the child suffered no injury in the instant case, there is no tort basis for the parents' claim for their mental anguish suffered as a result of that injury.
There is some indication in the pleadings and arguments in brief that the parents are seeking to recover damages based on contract. We find no evidence in the record to prove the existence of any contract, other than a contract of sale, having to do with the photographs, and there was no contractual basis shown upon which the parents might have a claim for damages.
Finally, we consider the claim that this appeal was frivolous. This argument is based largely upon the fact that the father entered the case as a plaintiff rather late, never testified, never gave a deposition, and did not appear in court on the day of trial, but that he nevertheless joined in the appeal. We would consider that this argument has merit but for the fact that the father, although he appeals his own meritless claim for damages, is also an appellant in his capacity as administrator of the estate of his child, urging recovery for his child for the invasion of the child's privacy. There was an invasion of the child's privacy. However, we are affirming the trial court's conclusion that no damages were proved. Still, the father's contention on this appeal that damages were proved is a serious, not a frivolous contention. Accordingly, we refrain from branding the entire appeal as frivolous.
For the foregoing reasons the judgment of the trial court is affirmed, appellants to pay costs of this appeal.
AFFIRMED.
FORET, J., concurs in affirmation of trial court judgment, but dissents from majority's denial of damages for a frivolous appeal, being of the opinion that the appeal was frivolous.