673 So.2d 1272 (1996)
Wilfred C. YOUNG, Plaintiff-Appellant,
v.
ST. LANDRY PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 95-1480.
Court of Appeal of Louisiana, Third Circuit.
May 1, 1996.
*1274 Wilfred Cortrick Young, for Wilfred Cortrick Young.
Michael J. Juneau, Lafayette, for St. Landry Parish School Board, et al.
Before KNOLL, WOODARD and PETERS, JJ.
KNOLL, Judge.
This lawsuit involves a claim for damages brought by a high school student alleging that a teacher and a school board member invaded his privacy. Wilfred C. Young[1] sued a teacher[2], Chesley Soileau, his employer, St. Landry Parish School Board, and Gregory Ardoin, a St. Landry Parish school board member. After a bench trial, the trial court concluded that there was no invasion of privacy, since Soileau had a legitimate interest in obtaining Young's records and Ardoin had a right to forward the records to the State Department of Education to investigate possible wrongdoings. In the alternative, the trial court ruled that Young failed to produce evidence that preponderated that he was damaged by Soileau and Ardoin.
Young appeals, contending that the trial court was manifestly erroneous in finding that: (1) the release of his school records was not a violation of his right to privacy; and, (2) he did not suffer damages when Soileau and Ardoin released his school records. We affirm.

FACTS
The trial court issued written reasons that fully developed the applicable facts. We adopt the findings of fact as our own, to-wit:
Plaintiff, Wilfred C. Young, brought an action against Chesley Soileau, ... St. Landry Parish School Board, and Gregory Ardoin, alleging that while a student at Opelousas High School, plaintiff's records were seized without his or his parents' permission, for no apparent reason, and that plaintiff was then accused of having his grades and schedule changed by the administrator for promotion purposes.
* * * * * *
[This] lawsuit arose as a result of an investigation of alleged grade changing at Opelousas High School. Defendant in the Young matter, Gregory Ardoin, was an elected school board member at the time of the incident. Defendant, ... Soileau, [was a] teacher at OHS and employed by the defendant St. Landry Parish School Board.
* * * * * *
Defendant, Soileau, taught Physics to plaintiff, Young, and became aware that grades that he had given to Mr. Young, who later transferred out of his class, were being reflected as Home Economics grades on Mr. Young's cumulative card. Mr. Soileau also expressed concern to Mr. Ardoin about this situation.
Mr. Ardoin testified that he felt that it was his obligation as an elected school board member to investigate all claims of alleged wrongdoing in the school system. He indicated that Mr. Soileau had expressed concern to him about transfers within the school and grades being given under another teacher's name. Mr. Ardoin requested that he be given copies of the cumulative cards of Mr. Young, ..., among others....

*1275 After receiving these records, Mr. Ardoin placed them in a sealed envelope and sent them to Mrs. Ritter with the State Department of Education and requested that she investigate the allegations.
As a result of the above actions, [plaintiff Young] filed suit against the various defendants....

ANALYSIS
Young contends that the trial court was manifestly erroneous in its determination that the release of the school records was not a violation of his right to privacy.
Louisiana courts have allowed tort actions for invasion of privacy which involves the basic right of a person to be let alone in his private affairs. An unwarranted invasion of a person's right of privacy may give rise to liability for the resulting harm. The determination of whether a person's conduct constitutes the tort of invasion of privacy depends upon the facts and circumstances of each case. Roshto v. Hebert, 439 So.2d 428 (La.1983). There are four different types of actions that may fall under an invasion of privacy claim: (1) the appropriation of an individual's name or likeness, for the use or benefit of the defendant; (2) an unreasonable intrusion by the defendant upon the plaintiff's physical solitude or seclusion; (3) publicity that unreasonably places the plaintiff in a false light before the public; and, (4) unreasonable public disclosure of embarrassing private facts. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979).
Louisiana courts have also distinguished actionable from non-actionable invasions. Spears v. McCormick & Co., Inc., 520 So.2d 805 (La.App. 3 Cir.1987), writ denied, 522 So.2d 563 (La.1988). To be actionable, a defendant's conduct must be unreasonable and must seriously interfere with the plaintiff's privacy interest. It is not necessary to prove that the defendant acted with malicious intent. The reasonableness of the defendant's acts is determined by balancing the interests of the plaintiff in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct. Jaubert, 375 So.2d 1386. Where the defendant's action is properly authorized or justified by circumstances, it is deemed reasonable and non-actionable, even though it admits to a slight invasion of the plaintiff's privacy. Parish National Bank v. Lane, 397 So.2d 1282 (La.1981).
Moreover, as is often repeated in the jurisprudence, factual findings of the trial court are accorded great weight and may not be disturbed by the appellate court in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the case sub judice, the record shows that Soileau, the teacher, properly viewed Young's grades. Raymond Duplechain, the principal of Opelousas High School during the period that Young was a student there, testified that a teacher has a legitimate interest in looking at a student's records, even if that individual is no longer a student in his class. He likewise stated that a teacher also has a legitimate concern to review a student's records if he suspects that a student's grade has been altered. Based upon the facts developed in the record, we find that the trial court properly found that Soileau's actions fit within these parameters.
Likewise, we find that Ardoin properly received a copy of Young's grades. As an elected school board member, Ardoin had a responsibility to see that public education within the parish was being properly administered. La.R.S. 17:51, et seq. Accordingly, we find that based upon the scenario thoroughly described by the trial court in its written reasons for judgment, Ardoin's actions in receiving a copy of Young's grades was reasonable and did not violate Young's expectation of privacy. Furthermore, Ardoin's dissemination of Young's grades to the State Department of Education did not violate Young's expectation of privacy. As stated in the testimony of Raymond Fontenot, the superintendent of the St. Landry Parish School system in 1991-1992, the school board regularly sends the actual names and grades a student earns to the State Department of Education in order for diplomas to be issued for graduation. Accordingly, the actions of Ardoin cannot be distinguished *1276 from this practice and cannot be deemed unreasonable.
In like vein, we find Young's reliance on La.R.S. 17:391.4(E) misplaced. La.R.S. 17:391.4(E) provides:
All test scores of individual students, average scores for individual classes or schools, and average scores for individual school systems shall be exempt from the public records act. School boards may choose to release test data if it does not identify individual students, classes, or teachers. All test scores or test averages released to the public, however, must be accompanied by a complete analysis of socioeconomic factors beyond the control of the school or school system which have an effect on student scores.
Reading that statute as a whole, we find that it prescribes the method to be used when student test scores are released to the public. In the present case, no such public disclosure was made. Therefore we find that neither Soileau nor Ardoin violated this statute.
We likewise find that the trial court was eminently correct in its conclusion that even if Young's privacy rights were unreasonably violated, he failed to prove that he sustained damages. In Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d 1081 (La. 1990), the Supreme Court stated that damages are awardable to an individual for injuries or loss caused by an invasion of privacy. In Slocum v. Sears Roebuck & Co., 542 So.2d 777 (La.App. 3 Cir.1989), we held that in an invasion of privacy suit plaintiff must show actual damages.
"Fault alone does not produce recovery. It is the fault which causes some damage that produces recovery or reparation for the damage under C.C. 2315. When this cause in fact element is not proved, even though the negligence or fault is proved, recovery of damages is not allowed."

Slocum, 542 So.2d at 779, quoting United Pentecostal Church v. Interstate Surplus Underwriters, 368 So.2d 1104, 1109 (La.App. 2 Cir.1979).
In the present case, the record is void of evidence that Young suffered actual damages. Accordingly, for this additional reason, the trial court properly denied Young's petition for damages.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Wilfred Cortrick Young.
AFFIRMED.
NOTES
[1] This suit was consolidated in the trial court with a similar action by Pamela Lemelle against the same defendants. Lemelle did not appeal from the adverse judgment against her. Accordingly, the judgment in her case is final and she is not before us.
[2] Young also sued another teacher, Babette Stephens. However, Stephens was dismissed from the law suit on a motion for directed verdict. Young has not assigned Stephens' dismissal as an assignment of error. Therefore, the judgment dismissing Stephens is final and not before us.