IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30614
Summary Calendar
_____

BILL ROBERTSON,

Plaintiff-Appellant-Cross-Appellee,

versus

SEARS, ROEBUCK & COMPANY,

Defendant-Appellee-Cross-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-1033)
_____

February 9, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff Bill Robertson was store manager for the Sears store in Lake Charles, Louisiana. Although he had a generally good record of almost thirty-four years of service with defendant Sears, Roebuck & Co. ("Sears"), he was discharged from his employment on May 2, 1997 at the age of fifty-five. Sears cited a record of complaints about mistreatment of subordinates and violation of company accident and inventory policies over the preceding year.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After his discharge, Sears continued to use Robertson's name and signature in promotional mailings that identified him as the manager of the Lake Charles store. Sears took no action to correct this error until mid-November, 1997.

On May 1, 1998, Robertson filed suit against Sears in Louisiana state court. Sears later removed. After a bench trial, the district court rejected Robertson's claims under the federal Age Discrimination in Employment Act[1] ("ADEA") and Louisiana ADEA.[2] It awarded Robertson $2,000 in damages for his claim that the unauthorized use of his name and signature violated his right to privacy. It rejected Robertson's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law[3] and the Louisiana doctrine of abuse of right, also alleging misuse of his name and signature. Robertson appealed, and Sears cross-appealed.

We affirm.

I

Robertson challenges the district court's ruling on the ADEA claim on three grounds: the court erred in finding there was no basis to infer age discrimination from the Sears 1993 Early Retirement Incentive Program; the court erred in finding that the proffered reasons for terminating Robertson were not pretext for a

---

[1] 29 U.S.C. § 621 *et seq.* (2000).

[2] La. Rev. Stat. § 23:311 *et seq.* (2000).

[3] La. Rev. Stat. § 51:1401 *et seq.* (2000).

prohibited motive; and the court erred in rejecting Robertson's claim that similarly situated employees were given preferential treatment.

Robertson argues that the 1993 ERIP should have been sufficient to create a *prima facie* case of age discrimination because the plan was not truly voluntary. This argument is irrelevant to this appeal, however, because the district found, and Sears does not contest, that Robertson established a *prima facie* case of age discrimination. Instead, the issue in this appeal is whether the district court clearly erred in finding that Sears's proffered non-discriminatory reasons for firing Robertson were not pretextual.

Although Robertson points this court to evidence from which an inference of pretext could be drawn, he fails to address the evidence that Sears presented to substantiate its claim that it had legitimate reasons for firing him. This case involved both conflicting testimony and conflicting inferences from testimony. Crediting one witness over another, and drawing reasonable inferences from the testimony, is the province of the finder of fact.[4] Robertson has identified no clear error in the district court's findings.[5]

---

[4] *See* Fed. R. Civ. P. 52(a) (2000); *Anderson v. Bessemer City*, 470 U.S. 564, 573-75 (1985).

[5] We note that Robertson's attempts to point at similarly situated employees also fails. The only individuals that Robertson

3

Sears argues that the district court's finding that Sears invaded Robertson's privacy should be reversed. It argues that because its unauthorized use of his name was unintentional, there was no actionable invasion of privacy. In the alternative, it argues that because Robertson did not complain to Sears before filing this lawsuit, Robertson has shown no interest in privacy in the use of his name; thus, its use of his name was not unreasonable. Robertson argues that the district court's ruling awarding him damages for Sears's use of his name in a promotional mailing should be affirmed. He argues that the district court was correct in finding an invasion of privacy, but he also argues that Sears's actions violated the Louisiana Unfair Trade Practices and Consumer Protection Law and constituted an abuse of right. We address these arguments in turn.

A

Robertson alleges that Sears invaded his privacy by appropriating his name for the use and benefit of Sears. Sears argues that since the district court found Sears merely negligent in the use of Robertson's name, there was no intentional appropriation, and thus no tort. But conscious decision to

---

identified as similarly situated were loss prevention managers at other stores. The district court correctly held that employees in different positions with different supervisors are not similarly situated. Their responsibilities and conduct must be "nearly identical." *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 304-05 (5th Cir. 2000).

appropriate a name is not necessary. Louisiana courts have held that "[a]n actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. For an invasion to be actionable, it is not necessary that there be malicious intent on the part of the defendant."[6] Actions taken in good faith that unreasonably invade a person's privacy create liability for invasion of privacy under Louisiana law. Louisiana courts allow plaintiffs to recover for invasion of privacy even when the defendant believed its actions were justified[7] or was unaware that privacy rights were being infringed.[8]

Sears also argues that its actions were not unreasonable. The district court found that Sears continued to use Robertson's name for more than five months after he was fired; that Sears had no legitimate interest in using his name after firing him; and that Robertson suffered humiliation from use of his name. These findings justify the conclusion that Sears acted unreasonably.

That Robertson did not complain to Sears at the time of the mailings does not make Sears's continued use of his name

---

[6] *Jaubert v. Crowley Post-Signal, Inc.*, 375 So. 2d 1386, 1389 (La. 1979).

[7] *See Lucas v. Ludwig*, 313 So. 2d 12 (La. App. 4th Cir. 1975).

[8] *See Lambert v. Dow Chemical Co.*, 215 So. 2d 673 (La. App. 1st Cir. 1968). The *Lambert* court noted that the trial court had found that the defendant acted in "good faith." *Id.* at 674.

reasonable. Describing a case similar to the instant case, a Louisiana Court of Appeals has noted that the invasion of privacy was serious in a case "where 150,000 photography advertising postcards were mailed across the state with the unauthorized photograph of the plaintiff on them."[9] In that case, there was no mention of the plaintiff complaining before suing the defendant, and even though the defendant argued that the unauthorized use of the photograph was a mistake, it conceded liability and the court affirmed the award of damages.[10]

B

The Louisiana Unfair Trade Practices and Consumer Protection Law creates a private cause of action for "[a]ny person who suffers any ascertainable loss of money or movable property."[11] Even if we assume that invasion of an employee's privacy is actionable under this law, Robertson lost no money or movable property as a result of Sears's use of his name. Thus, Robertson cannot recover under this law.

C

Robertson argues that an act constitutes an abuse of right when "the predominant motive for it was to cause harm . . . [or the

---

[9] *See Slocum v. Sears Roebuck & Co.*, 542 So. 2d 777, 779 (La. App. 3d Cir. 1989), *citing Olan Mills, Inc. of Texas v. Dodd*, 353 S.W.2d 22 (1962).

[10] *Olan Mills*, 353 S.W.2d at 23.

[11] La. Rev. Stat. § 51:1409 (2000).

6

act] is against moral rules, good faith, or elementary fairness."[12] The district court found that Sears did not intend to harm Robertson, but that Sears's use of his name was negligent. Robertson does not challenge these findings. Given these findings, Sears's actions fail to meet the criteria cited by Robertson.[13]

## III

For the foregoing reasons the judgment of the district court is AFFIRMED in all respects.

---

[12] *Hemmans v. State Farm Ins. Co.*, 653 So. 2d 69, 77 (La. App. 4th Cir. 1995). *Hemmans* noted that the doctrine of abuse of right had not been applied by Louisiana courts since 1976. *See id.*

[13] Nor do we find any basis for finding the other *Hemmans* criteria applicable to this case.