**HOPKINS COUNTY HOSPITAL DISTRICT, Appellant,**

v.

**Kimberly ALLEN and Michael Roy Allen, Appellees.**

No. 9630.

Court of Appeals of Texas, Texarkana.

Oct. 25, 1988.

**342**

Peter R. Meeker, Davis & Davis, P.C., Austin, for appellant.

Blake Bailey, Bailey & Negem, Tyler, for appellees.

BLEIL, Justice.

The Hopkins County Hospital District appeals a judgment awarding damages for future disfigurement and future mental anguish to Kimberly Allen in a medical malpractice action. The Hospital District questions the evidentiary support for the jury's findings of future mental anguish and future disfigurement. Alternatively, it contends that the damage awards are excessive. We conclude that the evidence sufficiently supports the jury's findings and that the damages are not excessive.

On May 3, 1984, Allen gave birth by Caeserean section. The doctors who performed the delivery neglected to remove a sponge from her abdomen. The surgery to remove the sponge required one long vertical incision in her abdomen, which left a scar. Allen and her husband sued doctors Dhawal Ram and Somjai Tris and the Hopkins County Hospital District for professional negligence. The jury found for the Allens and awarded the following damages:

| | |
|---|---|
| Past pain and mental anguish: | $20,000.00 |
| Future pain and mental anguish: | $50,000.00 |
| Past physical impairment: | $10,000.00 |
| Past disfigurement: | $25,000.00 |
| Future disfigurement: | $50,000.00 |
| Past medical expenses: | $ 6,000.00 |

The trial court entered judgment that the Allens take nothing from Tris and that they recover $170,736.25 from Ram and the Hospital District. Ram paid one-half of the total judgment and is not participating in this appeal.

The Hospital District argues that there is no evidence or insufficient evidence to support the jury's $50,000.00 award for future mental anguish. The amount of damages for personal injuries, such as pain and suffering, disfigurement, and physical impairment, is primarily within the province of the jury. *Rodriguez v. Kvasnicka,* 710 S.W.2d 724, 727 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). In determining whether any evidence exists in support of a finding, we consider only the evidence tending to support the finding, viewing the evidence in the light most favorable to the finding and disregarding all contrary or conflicting evidence. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.

1981). When reviewing a jury verdict to determine the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175 (Tex.1986).

The term "mental anguish" means a relatively high degree of mental pain and distress—more than mere disappointment, anger, resentment or embarrassment. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, or public humiliation. *Teledyne Exploration Co. v. Klotz,* 694 S.W.2d 109, 112 (Tex.App.–Corpus Christi 1985, writ ref'd n.r.e.). Allen worries about future health problems resulting from the sponge's removal. She testified that the doctors who removed the sponge advised her that potential complications, such as ruptured intestines, could result due to the sponge's attachment to her intestines before its removal. She testified that each time she has a stomach ache or otherwise feels ill, she fears that this indicates a health problem attributable to the sponge removal surgery. We believe these facts amply demonstrate a degree of future mental anguish sufficient to support the jury's damage award.

■ Alternatively, the Hospital District argues that the jury's award for future mental anguish is excessive. There is no fixed rule or standard for measuring pain and suffering. The jury awards damages at its discretion. *White Cabs v. Moore,* 146 Tex. 101, 203 S.W.2d 200 (1947); *Gulf States Utilities Co. v. Dryden,* 735 S.W.2d 263, 268 (Tex.App.–Beaumont 1987, no writ). If there is evidence to sustain a jury's damage award, it should not be disturbed on the ground that it is excessive. *Atchison, Topeka and Santa Fe Railway Company v. O'Merry,* 727 S.W.2d 596 (Tex.App.—Houston [1st Dist.] 1987, no writ). Allen must live with the uncertainty of possible health problems related to the removal of the sponge. We do not find the award of $50,000.00 for future mental anguish to be excessive.

Next, the Hospital District challenges the evidentiary support for the jury's award of future disfigurement damages. The term "disfigurement" has been defined as that which impairs the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapened, or imperfect, or deforms in some manner. *Goldman v. Torres,* 161 Tex. 437, 341 S.W. 2d 154, 160 (1960). Essentially, the Hospital District contends that future disfigurement damages are recoverable only if a reasonable probability of additional scarring or deforming is shown. It further contends that Allen should be denied recovery for future disfigurement because she failed to present evidence of future scarring or deforming related to the sponge removal. It argues that by allowing recovery for future mental anguish and future disfigurement, Allen is effectively recovering twice for the same injury.

■ Since the essential element of Allen's claim for disfigurement is embarrassment, and embarrassment is also part of mental anguish, the Hospital District's argument that the awards for future mental anguish and future disfigurement overlap and constitute a double recovery appears meritorious. However, the Hospital District did not object to the charge on that basis. In fact, it requested the court to submit future mental anguish and future disfigurement together, and it did not request an instruction defining those terms or separating them as elements of damage. Thus, it cannot now complain that the submission allowed a double recovery.

The Hospital District calls upon this Court to clarify the "blurring" of the distinction between the mental anguish and disfigurement elements of damages which it claims has been created by appellate court decisions concerning disfigurement. Thus, we review some of the cases which have discussed disfigurement damages.

In *Amoco Production Co. v. Thompson,* 657 S.W.2d 824 (Tex.App.–Corpus Christi 1983, no writ), the court upheld a jury verdict which included $65,000.00 for "future cosmetic disfigurement" due to severe burns received to the face, arms, and hands

of the plaintiff. In that case, no showing was made of additional scarring or deforming that would occur in the future. Similarly, in *Texas Farm Products Co. v. Leva,* 535 S.W.2d 953 (Tex.Civ.App.–Tyler 1976, no writ), the court upheld an award of $20,000.00 for future disfigurement, also without a showing of future scarring or deforming.

In *Texas Farm Products,* a young man's right hand was crushed by the weight of a forklift. Treatment of the injury required amputation of the plaintiff's little finger and skin grafts, causing the plaintiff's hand to appear deformed. The plaintiff was reluctant to show his hand to his wife, he was embarrassed to shake hands, and there were some portions of the back of his hand where the tissue was exposed. Future disfigurement damages were awarded, not for future scarring or deforming of the plaintiff's hand, but rather for the future embarrassment associated with his existing disfigurement. Likewise, in *Armellini Exp. Lines of Florida v. Ansley,* 605 S.W.2d 297 (Tex.Civ.App.–Corpus Christi 1980, writ ref'd n.r.e.), the court upheld an award of $88,000.00 to a thirty-two year old woman injured in a vehicle collision. Again, no showing was made of future scarring or deforming. In *Armellini,* the plaintiff suffered substantial disfigurement to her face and body. She testified that since the injury, she views herself as ugly and feels "like an old hag." 605 S.W.2d 297, 312. The plaintiff's negative self-image, which will continue into the future as a result of her existing disfigurement, formed the basis of her future disfigurement recovery. There was no showing of additional scarring or deforming likely to occur in the future.

Another case upholding a future disfigurement award absent a showing of future scarring or deforming is *Firestone Tire & Rubber Co. v. Battle,* 745 S.W.2d 909 (Tex. App.–Houston [1st Dist.] 1988, writ ref'd n.r.e.). The appellate court affirmed a $110,000.00 award for past and future disfigurement to a plaintiff injured when an automobile tire exploded. The plaintiff wore a glove on his left hand to hide the resulting disfigurement. No showing of future deforming was made in support of the future disfigurement award.

In *Northwest Mall, Inc. v. Lubri–Lon International, Inc.,* 681 S.W.2d 797 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.), the court upheld a future disfigurement award to a woman with a hip injury. The plaintiff had three hip surgeries prior to trial and anticipated at least three more. With each surgery, the size of the scars was expected to increase. The plaintiff considered herself deformed and wore clothes that hid the scars. The court held that the scars already incurred by the plaintiff plus probable scars to be incurred in the future formed a proper basis for the jury's future disfigurement award of $30,-000.00. Significantly, the court did not require that the plaintiff show a reasonable probability of additional scarring or deforming to recover future disfigurement damages.

■■■ One principle emerges from our analysis of future disfigurement case law: proof of additional scarring or deforming is not required to recover damages for future disfigurement, although it may be considered as a factor in determining damages. We conclude that recovery for future disfigurement includes recovery for the future embarrassment caused by the disfigurement. Plaintiffs who feel ugly, who hide their disfigurement under clothes and gloves, and who avoid shaking hands, are embarrassed by their scars and may recover future disfigurement damages absent evidence that there will be further scarring or deforming.

■■ The evidence puts Allen into the category of those embarrassed by disfigurement: some people who see her scar have said and will say "yuck" because it looks bad; she is embarrassed by it. The Hospital District argues that since few of the general public will ever get close enough to view Allen's scarred abdomen, she will seldom be embarrassed by it, and therefore a substantial recovery is not justified. We do not find this argument persuasive.

We hold that the trial court's award of damages is proper; the jury's findings of future mental anguish and future disfigurement, as well as the amounts of damage, are sufficiently supported by the evidence. We do not find the jury's award excessive.

The judgment of the trial court is affirmed.