Opinion issued September 29, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00650-CV

———————————

Irma Fajardo, Appellant

V.

Tiburcio
Fuentes d/b/a Erasmo Jimenez Trucking, Appellee



 



 

On Appeal from the 189th District Court

Harris County, Texas



Trial Court Case No. 2008-00791

 



 

MEMORANDUM OPINION

Appellant,
Irma Fajardo, appeals from a judgment rendered upon a
jury verdict against appellee, Tiburcio
Fuentes, awarding appellant $16,400 in actual damages for injuries incurred in
an automobile accident.  Fajardo challenges the factual sufficiency of the evidence
supporting the awarded damages.  We
affirm.

BACKGROUND

On March 23, 2007, Fajardo was a passenger in a vehicle that collided with a
dump truck driven by Fuentes.  In
November 2009, a jury found Fuentes to have been negligent and awarded Fajardo $16,400 in damages: $14,000 for past medical
expenses and $2,400 for past loss of earning capacity.  The jury did not award money for any other
category of damages on which it was charged, i.e., future medical expenses or
loss of earning capacity; past or future physical impairment, physical pain and
mental anguish, or disfigurement. 

After denying Fajardo’s motion requesting a new trial because the awarded
damages were too low in light of the evidence, the trial court rendered
judgment on the jury’s verdict. 

Fajardo
appealed. 

SUFFICIENCY OF THE EVIDENCE

In two issues, Fajardo argues on appeal that the evidence is factually
insufficient to support the jury’s award of (1) zero damages for past
disfigurement, and (2) only $14,000 for past medical expenses.

A.  
Standard
of Review

When a party attacks
the factual sufficiency of an adverse finding on an issue on which it has the
burden of proof, it must demonstrate on appeal that the adverse finding is
against the great weight and preponderance of the evidence. Dow Chem. Co. v. Francis, 46 S.W.3d 237,
242 (Tex. 2001); Urista v. Bed, Bath, & Beyond, Inc., 245
S.W.3d 591, 601 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  A reviewing court must consider
and weigh all of the evidence and can set aside a verdict only if the evidence
is so weak or the finding is so against the great weight and preponderance of
the evidence as to be clearly wrong and unjust.  Dow Chem Co., 46 S.W.3d at 242.  

Jury findings must be
accorded great deference.  Herbert v. Herbert, 754
S.W.2d 141, 143 (Tex. 1988). The fact finder is the sole judge of
witnesses’ credibility and the weight given their testimony, and the fact
finder may choose to believe one witness over another. Golden Eagle Archery, Inc. v. Jackson,
116 S.W.3d 757, 761 (Tex. 2003).  Because
it is the fact finder’s province to resolve conflicting evidence, we assume
that the fact finder resolved all evidentiary conflicts in accordance with its
decision if a reasonable minds could have done so. City of Keller v. Wilson,
168 S.W.3d 802, 819 (Tex. 2005).
 An appellate court may not impose its
own opinion to the contrary of the fact finder’s implicit credibility
determinations. Id. 

B.  
Disfigurement

In her first issue, Fajardo argues that the evidence was factually insufficient
to support an award of zero damages for past disfigurement.  Specifically, she contends that undisputed
evidence of bruising mandates some award of damages for past disfigurement. 

1.    
Applicable
Law

“Disfigurement has
been defined as that which impairs or injures the beauty, symmetry, or
appearance of a person or thing; that which renders unsightly, misshapen or
imperfect, or deforms in some manner.”  Goldman v. Torres, 341
S.W.2d 154, 160 (Tex. 1960); Doctor v. Pardue, 186 S.W.3d 4, 18 (Tex. App.—Houston [1st Dist.]
2006, pet. denied).   “[W]hether
to award damages and how much is uniquely within the factfinder’s
discretion.”  Golden Eagle Archery, Inc., 116 S.W.3d
at 772. “The amount[] of damages awarded for .
. . disfigurement [is] necessarily speculative and each case must be judged on
its own facts.” Figueroa
v. Davis, 318 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist.] 2010, no pet.)
(quoting Pentes Design, Inc. v.
Perez, 840 S.W.2d 75, 80 (Tex. App.—Corpus Christi 1992, writ denied)).

2.    
Application  

Fajardo
sustained abdominal bruising and swelling from contact with her seat belt
during the accident.  This bruising was
referenced in the hospital records from her visit immediately after the
accident, and the jury was shown pictures of the bruising taken a few days
after the accident.  According to Fajardo, the “jury is not free to disregard objective
evidence, such as the obvious bruising that resulted from the collision.”  Because she established damages as a matter
of law, she asserts, the jury was not at liberty to award zero damages, and the
judgment is thus so against the great weight and preponderance of the evidence
as to be manifestly unjust.  See Lowery v. Berry, 269 S.W.2d 795, 796–97
(Tex. 1954) (new trial required when undisputed evidence showed serious injury
to child—including multiple skull fractures and severely torn skin and tissue—but
jury awarded no damages).

          In
response, Fuentes argues that this kind of bruising “is not evidence
supporting, much less requiring, an award of disfigurement damages.”  Pointing out that an “essential element of
[a] claim for disfigurement is embarrassment,” she contends that Fajardo’s bruising falls far short of the type of injury
that would require an award of past disfigurement damages.  Fuentes acknowledges that bruising might be
relevant to whether Fajardo sustained past pain and
suffering, but notes that Fajardo has not appealed
the jury’s failure to award pain and suffering damages.    

          We
agree with Fuentes and hold that the jury’s award of zero dollars in
disfigurement damages for her abdominal bruises is not against the great weight
and preponderance of the evidence.  The
three cases Fajardo cites in support of her argument
that disfigurement damages are mandatory are distinguishable.  She first cites our opinion in Doctor v. Pardue,
a case in which the plaintiff was rendered a quadriplegic in an airplane crash.
 186 S.W.3d at 4.  While recognizing the considerable discretion
afforded to juries, id. at 17, we concluded that the evidence of the plaintiff’s
substantial injuries was so overwhelming that the jury’s failure to award
various non-economic damages—including past disfigurement—was against the great
weight and preponderance of the evidence.  Id.
at 20–21.  Fajardo’s
bruising is clearly not analogous to the plaintiff’s injuries in Pardue.  

The other two cases Fajardo cites do not hold that past disfigurement damages
must be awarded when evidence of injury is presented; rather, in both cases the
courts upheld a jury’s award of past disfigurement damages as supported by
sufficient evidence.  See Transit Mgmt. Co. of Laredo v. Sanchez,
886 S.W.2d 823, 826 (Tex. App.—San Antonio 1994, no writ) (affirming jury’s
award of past disfigurement damages when a hydraulic hose burst and hydraulic
fluid burned and discolored the plaintiff’s face); Hopkins Cnty. Hosp. Dist.
v. Allen, 760 S.W.2d 341, 344–45 (Tex.
App.—Texarkana 1988, no writ) (affirming jury’s award of future disfigurement
damages when a surgical procedure necessitated by the defendant’s negligence
left a long scar along the plaintiff’s abdomen). 

Whether bruising such
as Fajardo’s requires compensation for past
disfigurement falls within the province of the jury in accordance with its
discretion.  See Figueroa, 318 S.W.3d at 62; Golden Eagle Archery, Inc., 116 S.W.3d
at 772. 

          The
jury’s decision to award zero damages for past disfigurement was not against
the great weight and preponderance of the evidence.  We overrule Fajardo’s
first issue. 

C. Past Medical
Expenses

          In her second
issue, Fajardo contends that the evidence is
factually insufficient to support an award of only $14,000 for past medical
expenses.

1.    
Applicable
law    

To recover medical
expenses, a claimant must prove that the charges incurred were reasonable and
necessary. Nat’l Union
Fire Ins. Co. v. Wyar, 821 S.W.2d 291, 297 (Tex. App.—Houston
[1st Dist.] 1991, no writ).  A
jury may conclude, even when an objective injury is shown, that the injury is
attributable to factors other than a defendant’s negligence. See McDonald v. Dankworth,
212 S.W.3d 336, 348 (Tex. App.—Austin 2006, no pet.).  Thus, “proof of a causal nexus between the
event sued upon and the damages claimed is required.” Jackson v. Gutierrez, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th
Dist.] 2002, no pet.); see also Morgan v.
Compugraphic Corp., 675 S.W.2d 729, 732 (Tex.
1984) (“Proving that the event sued upon caused the plaintiff’s
alleged injuries is part and parcel of proving the amount of damages to which
the plaintiff is entitled.”).  

The jury generally has
discretion to award damages within the range of evidence presented at trial.  Gulf
States Utils., Co. v. Low, 79 S.W.3d 561, 566 (Tex. 2002).  We will not disregard the jury’s damages
finding merely because “the jury’s reasoning in arriving at its figures may be
unclear.”  First State Bank v. Keilman,
851 S.W.2d 914, 930 (Tex. App.—Austin 1993, writ denied).  “A jury may not, however, arbitrarily assess
an amount neither authorized nor supported by the evidence presented at trial.”
 Id.
 “In other words, a jury may not ‘pull
figures out of a hat’; a rational basis for calculation must exist.” Id. (quoting Neiman-Marcus Group, Inc. v. Dworkin, 919
F.2d 368, 372 (5th Cir. 1990)).  “A
jury’s finding [on damages] may be disregarded if the amount ‘was not the
result of conscientious conviction in the minds of the jury and the court.’” Id. at 930–31 (quoting Mills v. Jackson, 711 S.W.2d 427, 431
(Tex. App.—Fort Worth 1986, no writ)).

2.    
Application          

Fajardo
requested that she be awarded $52,420.52, in past medical expenses, which is
the total of her doctor’s visits, diagnostic tests, and therapy from fifteen
different providers.  Arguing that Fajardo was inappropriately overtreated
for her alleged soft tissue injuries, Fuentes asked the jury to award in past
medical expenses only $5,200, which represents (1) Fajardo’s
emergency room bill following the accident, (2) visits with her first doctor
for the first year after the accident, and (3) about half of her physical
therapy bills.  The jury awarded $14,000
in past medical expenses.  

At trial, Fuentes
presented evidence that Fajardo was involved in
another collision in October 2006, just six months before the March 2007
collision.  Medical records from two
doctors indicated that Fajardo may have suffered neck
and back injuries in the earlier October 2006 accident.  

Testimony and medical
records were introduced at trial from three physicians who disagreed among
themselves about the extent of Fajardo’s back
injuries.  Each also proffered different opinions
about the cause of any injuries and the appropriate treatment.  For example, after the accident, Fajardo’s first treating physician noted that her sensory
and motor exams were normal at each of eleven visits and—after reviewing MRI
and EMG studies indicating that the foramen in the vertebral space where nerves
exit the spine had gotten smaller to the point of creating pressure on the
nerve—did not recommend surgery on Fajardo’s back or
neck.  Her next doctor, based on his own
sensory and motor exams and reviews of the same MRI and EMG studies, opined
that Fajardo had a tear in the annulus of one lumbar
disc and some tearing and bulging of an adjacent lumbar disc, for which he
recommended surgery.   

 Defendant’s expert neurosurgeon also examined Fajardo and reviewed her medical records.  He concluded there is “no objective evidence
to support any of her subjective complaints because there was no significant
abnormality in the studies done on her body that would have caused her
complaints and her lack of response to treatments.”  He disagreed, from his interpretation of her
records, that she had a tear in her disc and opined that she did not need
surgery.  Although he identified a bulge
in a lumbar disc, he concluded it was not caused by the accident. 

The jury heard medical
evidence that ranged from testimony at one end of the spectrum that Fajardo needed 50-60 chiropractic visits, several
procedures including epidural steroid injections, a discogram
and back surgery, to testimony on opposite end of the spectrum that that most
of Fajardo’s chiropractic visits were unnecessary,
that she did not meet the medical criteria for the procedures that were
performed on her, and that she did not need surgery.  

There was further
conflicting evidence as to the reasonableness of the medical charges
introduced.  Fajardo’s
medical expert testified that all $52,420.52 she requested in past medical
expenses were reasonable and necessary. 
Fuentes’s medical expert testified that Fajardo
was charged more than what was reasonable for some medical services, and that
other charges were for wholly unnecessary medical services.  

The $14,000 in past
medical damages awarded falls within the range of evidence presented at trial
and that evidence provided a rational basis by which the jury could have
reached its past damages award.  See, e.g., Houge v. Kroger Store No. 107, 875
S.W.2d 477, 481–82 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (jury’s
award of $10,884.70 in past medical damages when actual medical expenses
exceeded $38,000.00 was supported by factually sufficient evidence because a reasonable
jury could believe that plaintiff’s injuries were not fully attributable to
accident in defendant’s store); see also Enright v. Goodman Distribution, Inc., 330 S.W.3d 392,
403 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (jury’s award of $15,199.00
in past medical expenses when actual medical expenses were $106,927.52 was
supported by factually sufficient evidence in light of physician’s testimony
that accident was not cause of plaintiff’s entire injury and that much of his
treatments and surgery were medically unnecessary) ; Wagner v. Taylor, 867
S.W.2d 404, 405 (Tex. App.—Texarkana 1993, no pet.) (jury’s
award of $1,000 in past medical expenses when actual medical expenses were
$2,968.53 was supported by factually sufficient evidence because jury was
entitled to assess evidence and witness credibility in determining what amount
of medical expense was necessary and fairly attributable to accident).  

The jury’s award
$14,000 in damages for past medical expenses was not against the great weight
and preponderance of the evidence.  We
overrule Fajardo’s second issue.

CONCLUSION

We affirm the trial court’s judgment. 

 

 

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.