# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 19-20140

Erica Fulton,

*Plaintiff—Appellee*,

*versus*

United Airlines, Incorporated; Air Serv Corporation,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-528

ON PETITION FOR REHEARING

Before King, Elrod, and Willett, *Circuit Judges*.

Per Curiam:*

IT IS ORDERED that the defendants' petition for rehearing is GRANTED. We now substitute this opinion for the one previously issued.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20140

United Airlines and Air Serv appeal the district court's final judgment awarding damages to Erica Fulton following a jury trial. Because there was sufficient evidence to support the jury's verdict, we AFFIRM.

**I.**

In 2008, Fulton was diagnosed with a degenerative spinal condition that medically forced her to retire in 2012 and to begin using a wheelchair in 2014.[1] As a result of her condition, Fulton lost the use of her legs and became more dependent on her arms for most aspects of her life, including mobility. Because of her disabilities, Fulton requires special assistance when boarding planes.

On September 4, 2016, Fulton traveled from her home in Florida to Austin, Texas to visit her son for his birthday. Fulton flew from Tampa, Florida to Houston, Texas where she then boarded another plane for a connecting flight to Austin. Fulton was able to board and deboard her first flight uneventfully.

Her second flight, however, did not go as smoothly. While boarding her connecting flight in Houston, two Air Serv employees were assisting Fulton in transitioning from her wheelchair to her seat.[2] Despite there being two employees present to help Fulton to her seat, only one was actively engaged. While one employee stepped away, the other employee picked Fulton up and attempted to shuffle sideways to move her to her seat.

---

[1] In reviewing a district court's denial of a motion for a new trial, we must view the facts "in the light most favorable to the jury's verdict." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 504 (5th Cir. 2012).

[2] United contracted with Air Serv to provide special assistance to disabled passengers while boarding planes.

Before Fulton made it to the seat, the employee lost control and dropped her. Fulton slammed into the side wall of the plane, hitting her shoulder. This resulted in an immediate surge of pain to her shoulder. The employee grabbed Fulton, put her in her seat and left while stating, "There, you're okay."

Fulton tried to get the attention of the flight attendants for help but was unable to do so as they were busy helping other passengers board the plane. After takeoff, Fulton was able to get a flight attendant's attention. The flight attendant instructed Fulton to file a complaint once they landed, but there was nothing the flight attendant could do about Fulton's injury until then. At Fulton's request, the flight attendant retrieved some medication from Fulton's bag to alleviate her pain.

Once Fulton arrived in Austin, she reported the incident and was given a phone number to call to lodge a complaint. Fulton was also informed by United that, during the trip, her specialized wheelchair had been damaged and rendered useless. These events caused her significant pain and made her trip to visit her son very difficult. Fulton decided to wait to see her doctors in Florida, who were aware of her preexisting conditions, rather than go through excessive testing with new doctors in Austin, who were unfamiliar with her.

Upon her return to Florida, Fulton scheduled an appointment with her primary care physician, Dr. King, to examine her shoulder. Dr. King referred her to Dr. Tedder and PrimaCare, who performed an MRI that revealed "[s]evere interstitial tearing . . . with associated partial-thickness tear of the bursal surface." After viewing the MRI in October, Dr. Tedder recommended surgery. However, he was unable to fit Fulton into his schedule for several months.

No. 19-20140

Fulton was able to find another surgeon, Dr. Watson, who thought he could operate more quickly. Even so, seven months passed before she was able to have the operation. During that time, Fulton experienced significant pain. She lost much of her independence, as she had previously relied heavily on her arms for most aspects of daily life.

Fulton filed this lawsuit in Texas state court against United, Air Serv, and the unnamed employee who dropped her. The defendants removed the case to federal court on the basis of diversity jurisdiction. A federal jury returned a verdict in favor of Fulton. The jury awarded Fulton just over $3.8 million in damages. That award included compensation for past medical expenses, future medical expenses, past physical impairment, future physical impairment, past disfiguration, past physical pain and mental anguish, and future physical pain and mental anguish. Thereafter, United and Air Serv made a renewed motion for judgment as matter of law or, in the alternative, either a new trial or remittitur. The district court denied both motions. United and Air Serv now appeal.

## II.

In their appeal, United and Air Serv first challenge the denial of their renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) based on insufficient evidence of medical causation. Because the evidence that Fulton provided to the jury was sufficient under Texas law, we affirm the district court's dismissal of the defendants' motion.

## A.

"This court reviews the denial of a Rule 50(b) renewed motion for judgment as a matter of law *de novo*, 'but [its] standard of review with respect to a jury verdict is especially deferential.'" *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 652–53 (5th Cir.) (quoting *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016)), *cert denied* 140 S. Ct. 649 (2019). "A party is

No. 19-20140

only entitled to judgment as a matter of law on an issue where no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise." *Id.* at 653; *accord* Fed. R. Civ. P. 50(a)(1). "We credit the non-moving party's evidence and disregard all evidence favorable to the moving party that the jury is not required to believe." *Janvey v. Romero*, 817 F.3d 184, 187 (5th Cir. 2016) (quoting *Carroll v. Ellington*, 800 F.3d 154, 168 (5th Cir. 2015)).

**B.**

During the trial, Fulton and her caretaker testified that after the accident Fulton lost substantial strength and mobility in her right arm, rendering it useless. Fulton's medical records reveal no prior shoulder injuries. Further, the record reflects that Fulton's preexisting condition affects only her spine and has never affected her shoulder or arms. Fulton explained that when she was dropped, she experienced immediate and excruciating pain. After her return home, she sought medical treatment, and an MRI revealed "severe interstitial tearing." In addition to Fulton's own testimony and that of her caregiver, her treating physician, Dr. Watson, testified that Fulton had suffered a full-thickness rotator cuff tear and a torn bicep. Dr. Watson testified that it was obvious that Fulton's torn rotator cuff was not a result of degeneration. Dr. Watson also opined that Fulton's injuries were a result of being dropped while boarding her flight.

Nevertheless, United and Air Serv contend that the evidence presented at trial was insufficient to establish causation under Texas law because Fulton failed to designate an expert witness to provide testimony regarding medical causation. Under Texas law, "expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). In the defendants' view, Fulton's preexisting spinal condition makes her shoulder injury a medical condition outside the "common

knowledge and experience." *Id.* Therefore, lay testimony alone would not enable a jury to find causation for Fulton's injury. United and Air Serv further argue that because Dr. Watson, Fulton's treating physician, was not designated as an expert witness, his testimony was lay testimony and therefore insufficient to establish the necessary medical causation.

The defendants' contention fails. Under Texas law, "[l]ay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). Although United and Air Serv contend that Fulton's preexisting spinal condition muddies the waters, there is no evidence in the record that Fulton's spinal injury has ever affected her shoulder. A fall and a torn rotator cuff are exactly the sort of "event[] and condition[] of a basic nature" for which lay testimony suffices under Texas law. *Guevara*, 247 S.W.3d at 668. Moreover, even assuming arguendo that lay testimony were not enough, the district court allowed Dr. Watson, who was Fulton's treating physician, to testify about Fulton's diagnosis and his course of treatment for Fulton. This was well within the district court's discretion.

Fulton's evidence, which included not only the testimony of Fulton and her caregiver, but also the testimony of her surgeon and her medical records, was sufficient to establish causation. Therefore, we affirm the district court's denial of the defendants' Rule 50(b) motion.

### III.

The defendants next challenge the district court's denial of their motion for a new trial or remittitur asserting that the jury's damage award was grossly excessive. We review the denial of both a motion for a new trial and a motion for remittitur using the deferential abuse of discretion standard.

*See Olibas*, 838 F.3d at 448 (motion for a new trial); *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 364 (5th Cir. 2019) (motion for remittitur). "The district court abuses its discretion by denying a new trial only when there is an 'absolute absence of evidence to support the jury's verdict.'" *McCaig v. Wells Fargo Bank (Tex.)*, *N.A.*, 788 F.3d 463, 472 (5th Cir. 2015) (quoting *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013)).

We look to state law on this question. *Cf. Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 418, 430–31 (1996). Under Texas law, we consider whether "the evidence introduced at trial would allow a reasonable, fair-minded jury to come to the verdict the actual jury reached." *Longoria*, 932 F.3d at 365. While this standard may include an analysis of verdicts in similar cases, we reverse only when the damages awarded are "so factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust." *Pope v. Moore*, 711 S.W.2d 622, 624 (Tex. 1986).

## A.

The defendants argue that the jury's award of damages for past and future physical pain and mental anguish is unsupported by the evidence and is grossly excessive under Texas law. At trial, Fulton presented evidence that she had suffered a substantial amount of pain and mental anguish as a result of her injury. During the several months that passed while Fulton awaited surgery, her medical records show that she frequently complained of having trouble sleeping and rated the pain in her shoulder as an eight out of ten during multiple appointments. Moreover, Fulton's surgeon testified that, even with surgery, it would not be possible for her shoulder to become pain free again. He further stated that she would likely require future painful surgeries, steroid injections, and physical therapy to control the pain.

The jury's award for physical pain and mental anguish was not against the great weight and preponderance of the evidence. Therefore, the district

court did not abuse its discretion in denying the defendants' motion for a new trial based on the jury's award.

## B.

United and Air Serv next challenge the jury's award for past disfigurement. Under Texas law, disfigurement is defined as "that which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen or imperfect, or deforms in some manner." *Goldman v. Torres*, 341 S.W.2d 154, 160 (Tex. 1960).

Fulton presented sufficient evidence to the jury to support the verdict awarding damages for past disfigurement. There was testimony that after the incident, Fulton's shoulder was bruised and "always swelling up." The record also established that Fulton's surgery required her doctor to poke two holes in her shoulder. Those holes had to be large enough for medical instruments to be inserted through to conduct the surgery. Given the nature of the surgery, it would be a reasonable inference for the jury to conclude that Fulton likely suffered some scarring as a result of the operation.

The assessment of the award "boils down to whether the evidence introduced at trial would allow a reasonable, fair-minded jury to come to the verdict the actual jury reached." *Longoria*, 932 F.3d at 365. Here, a jury could "draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict." *Wackman v. Rubsamen*, 602 F.3d 391, 399 (5th Cir. 2010) (quoting *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009)); *see also Moore Freight Servs., Inc. v. Munoz*, 545 S.W.3d 85, 96 (Tex. App.—El Paso 2017, pet. denied). The evidence presented regarding Fulton's injury and surgery entitled the jury to make a reasonable inference that Fulton sustained disfigurement as a result of being dropped. Moreover, an award for past disfigurement following a surgery is in line with analogous Texas cases. *See Hopkins Cnty. Hosp. Dist. v. Allen*, 760 S.W.2d 341, 342, 344 (Tex.

App.—Texarkana 1988, no writ) (upholding a past disfigurement award of $25,000 (roughly $50,000 adjusted for inflation) for surgical scars on the plaintiff's abdomen); *see also Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664, 673 (Tex. App.—Texarkana 1999, pet. denied) (affirming a disfigurement recovery for a small surgical scar covered by clothing).

Because Fulton presented sufficient evidence to establish disfigurement, "whether to award damages and how much [was] uniquely within the factfinder's discretion." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003). Accordingly, the jury's award for past disfigurement was well within its discretion.[3]

\* \* \*

In sum, Fulton produced sufficient factual evidence to support the jury's verdict. Accordingly, we AFFIRM.[4]

---

[3] Because United and Air Serv did not properly raise the challenges for past and future healthcare expenses or overall damages in their motion for a new trial, they have forfeited their right to contest them on appeal. Generally, "[a]n argument not raised before the district court cannot be asserted for the first time on appeal." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 752 (5th Cir. 2014) (quoting *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008)).

[4] Due to a disagreement between the parties over which exhibits were sent to the jury, we issued two limited remands to the district court to resolve the issue of what documents constituted the district court's record. The district court made a definitive ruling that the correct exhibits were sent to the jury and are before us now. While the exhibits were not handled with the care that we would normally expect, we are satisfied that the district court correctly determined that the November 2019 exhibits are the correct exhibits. There was no abuse of discretion by the district court regarding the exhibits.